**UNITED STATES of America, Appellee,**

**v.**

**Salvatore REALE and George Parker, Defendants,**

**George Parker, Defendant–Appellant.**

**No. 381, Docket 87–1328.**

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1987.

Decided Dec. 1, 1987.

---

Mario DiNatale, Sp. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D. N.Y., Edward A. McDonald, Organized Crime Strike Force for the E.D.N.Y., Brooklyn, N.Y., of counsel), for appellee.

Robert M. Simels, P.C., New York City, for defendant-appellant.

Before MESKILL, TIMBERS and PRATT, Circuit Judges.

PER CURIAM:

■ George Parker has appealed from a July 8, 1987, order of the United States District Court for the Eastern District of New York, Weinstein, *C.J.*, dismissing his extortion indictment without prejudice because of a violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. We are presented here with a novel question: Whether dismissal of an indictment without prejudice for a violation of the Speedy Trial Act is appealable by the defendant. Because we conclude that there is no appellate jurisdiction to review such an order, the appeal is dismissed.

The Supreme Court has held that a defendant does not have standing to appeal a dismissal because he is not legally aggrieved by the termination of the prosecution. *Parr v. United States,* 351 U.S. 513, 516–17, 76 S.Ct. 912, 915, 100 L.Ed. 1377 (1956). *See United States v. Moller–Butcher,* 723 F.2d 189, 190–91 (1st Cir.1983); *United States v. Martin,* 682 F.2d 506, 507–08 (5th Cir.), *cert. denied,* 459 U.S. 1088, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982); *United States v. Lanham,* 631 F.2d 356, 358 (4th Cir. 1980). This is so even if the dismissal is without prejudice and thereby leaves the defendant open to further prosecution. *See Parr,* 351 U.S. at 517, 76 S.Ct. at 915; *Martin,* 682 F.2d at 507. If the defendant is reindicted on the same charge and if he is convicted, he could then raise on an appeal from the final judgment of conviction, the question of whether dismissal of the earlier indictment should have been with prejudice. *See Parr,* 351 U.S. at 517, 76 S.Ct. at 915; *Moller–Butcher,* 723 F.2d at 191; *Martin,* 682 F.2d at 507.

■ Even if a defendant were viewed as having standing, the judgment of the district court is not a final order within the meaning of 28 U.S.C. § 1291 because the dismissal was without prejudice. Furthermore, the judgment cannot be viewed as qualifying under the collateral order exception set out in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). *See United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (defendant may not, before trial, appeal order denying motion to dismiss indictment because of violation of sixth amendment right to speedy trial).

To be appealable under *Cohen*, an order in a criminal case must (1) conclusively dispose of the disputed issue; (2) resolve an issue completely independent from the merits of the action; and (3) involve an important right that will be lost if not reviewed immediately. *See MacDonald*, 435 U.S. at 855, 98 S.Ct. at 1550 (quoting *Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977)); *United States v. Bilsky*, 664 F.2d 613, 616 (6th Cir.1981) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978)).

In this case, the order appealed from does not conclusively dispose of the issue of prejudice to the defendant from the Speedy Trial Act violation because actual prejudice is more readily ascertained after trial. Secondly, the claim that a violation of a defendant's speedy trial rights has adversely affected the fact-finding process is not an independent issue; on the contrary, it is inextricably connected to the merits of the case. Finally, unlike the right not to be placed twice in jeopardy, the speedy trial right is not irretrievably lost if not vindicated before trial. *See MacDonald*, 435 U.S. at 859–61, 98 S.Ct. at 1552–53.

The right to a speedy trial is meant to protect the defendant from delay, not from the trial itself. That right can be vindicated by acquittal or by reversal on direct appeal from a final judgment of conviction, if the defendant was indeed aggrieved by the fact that the earlier dismissal was without prejudice. By further delaying the trial, allowing a speedy trial exception to the rule requiring finality of judgments as a predicate for appellate jurisdiction would disserve the very interests the act seeks to protect.

Dismissed.