**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ada Lee KELLEY,
Defendant–Appellant.**

**No. 87–3860
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 21, 1988.

Matthew H. Perry, Asst. Federal Public Defender, Tampa, Fla., for defendant-appellant.

Robert W. Merkle, U.S. Atty., Roberta M. Klosiewicz, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before VANCE, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Ada Lee Kelley appeals from the district court's order dismissing her indictment without prejudice for a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. Kelley contends that the court should have dismissed the indictment with prejudice. We dismiss the appeal for lack of jurisdiction.

In August 1987 Kelley was indicted on two counts of making false statements to the Veterans Administration in connection with the receipt of pension benefits and one count of fraudulent receipt of pension benefits. On September 16, 1987 Kelley entered a plea of not guilty.

On December 3 Kelley moved to dismiss the indictment on the ground that the government had failed to comply with the requirements of the Speedy Trial Act. The government conceded that it had violated the Speedy Trial Act and that the indictment was due to be dismissed. It argued, however, that the indictment should be dismissed without prejudice.[1]

On December 8 the district court dismissed the indictment without prejudice. Kelley now appeals, arguing that the court erred by not dismissing her indictment with prejudice.

■ The government argues that Kelley's appeal should be dismissed for lack of jurisdiction. It contends that the district court's order dismissing the indictment is not a final order under 28 U.S.C. § 1291 and that the dismissal is not otherwise appealable. We agree.

In *Parr v. United States*, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), the Supreme Court faced the question of whether a criminal defendant could appeal the dismissal of his indictment. In that case the government, after having indicted the defendant in one district, obtained a superseding indictment in another district. The government then moved to dismiss the first indictment. The district court granted the government's motion over the defendant's objection, and the defendant appealed.

The Fifth Circuit dismissed the defendant's appeal on the ground that the order dismissing the indictment was not an appealable order. The Supreme Court affirmed. The Court viewed the dismissal of the indictment from two perspectives and concluded that from each perspective the order was not appealable.

The Court first found that the defendant had not been injured by the dismissal of the

---

1. Under the Speedy Trial Act the district court may dismiss the indictment with or without prejudice, depending on a number of factors. *See* 18 U.S.C. § 3162.

indictment and that he therefore lacked standing to appeal. 351 U.S. at 516–17, 76 S.Ct. at 914–15. The Court explained:

> So far as petitioner's standing to appeal is concerned it makes no difference whether the dismissal still leaves him open to further prosecution.... The testing of the effect of the dismissal order must abide petitioner's trial, and only then, if convicted, will he have been aggrieved.

*Id.* at 517, 76 S.Ct. at 915.

The Court next viewed the dismissed indictment and the superseding indictment together as parts of a single prosecution. The Court held that the order dismissing the first indictment, when viewed together with the government's continued prosecution, was not a final order. *Id.* at 518–19, 76 S.Ct. at 916. The Court rejected the defendant's argument that the order dismissing the indictment was final because it terminated prosecution under that indictment. It stated: "Final judgment in a criminal case means sentence. The sentence is the judgment." *Id.* at 518, 76 S.Ct. at 916 (quoting *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937)). The Court also held that the order dismissing the indictment was not appealable as a collateral order under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). 351 U.S. at 519, 76 S.Ct. at 916.

The rule that emerges from the Supreme Court's decision in *Parr* is that a criminal defendant may not immediately appeal a district court's order dismissing an indictment. *See, e.g., United States v. Arzate,* 545 F.2d 481 (5th Cir.1977) (order granting government's motion to dismiss indictment

not appealable); *United States v. Day,* 806 F.2d 1240, 1242 (5th Cir.1986) ("It is well settled that an order dismissing a criminal indictment without prejudice is not a 'final judgment' under section 1291."); *United States v. Moller-Butcher,* 723 F.2d 189, 190–91 (1st Cir.1983) (defendant had no standing to appeal the dismissal of indictment); *United States v. Lanham,* 631 F.2d 356, 358 (4th Cir.1980) (dismissal of indictment without prejudice not immediately reviewable). Only after a subsequent conviction can the defendant challenge the indictment's dismissal. *See Parr,* 351 U.S. at 519, 76 S.Ct. at 916. This rule furthers "the long-standing statutory policy against piecemeal appeals." *Id.*

■ In light of *Parr* we conclude that a criminal defendant may not immediately appeal when an indictment is dismissed without prejudice for a Speedy Trial Act violation. The Second and Sixth Circuits have reached the same conclusion. *See United States v. Reale,* 834 F.2d 281, 283 (2d Cir.1987); *United States v. Bratcher,* 833 F.2d 69, 71–72 (6th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 760, 98 L.Ed. 2d 772 (1988). As the Second Circuit explained in *Reale* :

> The right to a speedy trial is meant to protect the defendant from delay, not from the trial itself.... By further delaying the trial, allowing a speedy trial exception to the rule requiring finality of judgments as a predicate for appellate jurisdiction would disserve the very interests the act seeks to protect.

834 F.2d at 283. Accordingly, any challenge to the dismissal of the indictment without prejudice must await the defendant's subsequent conviction.[2]

---

**2.** There are two flaws in Kelley's argument that the court's order is appealable as a collateral order under *Cohen,* 337 U.S. 541, 69 S.Ct. 1221. First, the government has not re-indicted Kelley and therefore there is no proceeding that the order of dismissal is collateral to. Kelley simply lacks standing to appeal. *See Parr,* 351 U.S. at 516–17, 76 S.Ct. at 914–15. Second, even if Kelley had been re-indicted the order of dismissal would not be appealable as a collateral order. To be appealable as a collateral order an order must meet three requirements: (1) the

order must conclusively determine the disputed question; (2) the order must resolve an important issue separate from the merits; and (3) the order must be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). Because the order dismissing the indictment without prejudice is reviewable on appeal from a subsequent conviction, *see Parr,* 351 U.S. at 519, 76 S.Ct. at 916, it does not satisfy the third requirement. *See Reale,* 834 F.2d at 283.

Because this court lacks jurisdiction, Kelley's appeal is

DISMISSED.