

### III.

David McManus, Cedar Rapids, Iowa, for appellant.

Kandice Wilcox, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before FAGG, BOWMAN and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

Curtis Holub appeals the district court's order dismissing his indictment without prejudice. We dismiss Holub's appeal for lack of jurisdiction.

In late 1988, the Government indicted Holub on a number of counts relating to the distribution of marijuana and cocaine. For reasons attributable to both Holub and the Government, Holub's final trial date was scheduled for March 1991—more than two years after Holub's initial indictment. Holub sought dismissal of his indictment with prejudice, contending the delay violated his right to a speedy trial under the Sixth Amendment, U.S. Const. amend. VI, and the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1988). The district court ruled the delay did not violate Holub's

**UNITED STATES of America, Appellee,**

v.

**Curtis HOLUB, Appellant.**

**No. 91–2288NI.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Sept. 13, 1991.

Sixth Amendment right to a speedy trial, but held the delay did violate the Speedy Trial Act. The district court concluded, however, that given the circumstances in this case the appropriate remedy was to dismiss Holub's indictment without prejudice to the government to reindict Holub.

On appeal, Holub contends the district court abused its discretion in refusing to dismiss Holub's indictment with prejudice under the Speedy Trial Act. For its part, the Government concedes the delay violated the Speedy Trial Act and dismissal of the indictment was proper. Nevertheless, the Government contends the district court's decision to dismiss the indictment without prejudice is not a final order subject to appeal. We agree.

The circuit courts of appeals that have considered the question agree a district court order dismissing an indictment without prejudice under the Speedy Trial Act is not a final decision within the meaning of 28 U.S.C. § 1291. *United States v. Jones,* 887 F.2d 492, 493 n. 2 (4th Cir.1989), *cert. denied,* 493 U.S. 1081, 110 S.Ct. 1137, 107 L.Ed.2d 1042 (1990); *United States v. Kelley,* 849 F.2d 1395, 1396–97 (11th Cir.1988); *United States v. Reale,* 834 F.2d 281, 282–83 (2d Cir.1987); *United States v. Bratcher,* 833 F.2d 69, 71–72 (6th Cir.1987), *cert. denied,* 484 U.S. 1030, 108 S.Ct. 760, 98 L.Ed.2d 772 (1988); *see also United States v. Day,* 806 F.2d 1240, 1242 (5th Cir.1986) (district court order dismissing indictment without prejudice on Government's motion under Federal Rule of Criminal Procedure 48(a) not a final appealable order); *United States v. Moller–Butcher,* 723 F.2d 189, 190–91 (1st Cir.1983) (same); *United States v. Lanham,* 631 F.2d 356, 357–58 (4th Cir. 1980) (same). We find the reasoning of these authorities persuasive and now hold a district court order dismissing an indictment without prejudice under the Speedy Trial Act is not a final decision subject to appeal under 28 U.S.C. § 1291.

Likewise, we reject Holub's argument that the district court's order falls within the collateral-order exception to the final-judgment rule under *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). *See Kelley,* 849 F.2d at 1397; *Reale,* 834 F.2d at 282–83; *Bratcher,* 833 F.2d at 72. Should Holub be reindicted and convicted, he can pursue his claims on direct appeal. *See Kelley,* 849 F.2d at 1397 & n. 2; *Reale,* 834 F.2d at 282.

Finally, the district court's ruling rejecting Holub's Sixth Amendment speedy trial claim is neither a final decision subject to appeal nor appealable as a collateral order under *Cohen.* *United States v. Mac-Donald,* 435 U.S. 850, 857, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978).

Accordingly, we dismiss Holub's appeal for lack of jurisdiction.