944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Arthur TWYMAN, Defendant-Appellant.
 No. 91-5022.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 16, 1991.
Decided Sept. 25, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-90-48)
 Thomas R. Michael, Michael & Kupec, Clarksburg, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins, W.Va., for appellee.
 N.D.W.Va.
 DISMISSED.
 Before DONALD RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Arthur Twyman appeals from the district court's order dismissing the indictment against him without prejudice for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. We find that the order appealed from is not a final order and dismiss the appeal.
 
 
 2
 Twyman has been tried once but the district court declared a mistrial because the jury could not reach a verdict. A new trial date was set, but before that date arrived Twyman filed a motion to dismiss the indictment with prejudice for violation of the Speedy Trial Act. The district court entered an order dismissing the indictment against Twyman but, after considering the factors required by 18 U.S.C. § 3162, found that the dismissal should be without prejudice. Twyman argues on appeal that the district court failed to adequately explain the reasons for its decision to dismiss the appeal without prejudice. The government contends that the district court's order is adequate.
 
 
 3
 This Court must determine whether it has jurisdiction over the appeal even though neither party raised the issue. See Imperial Distribs., Inc. v. United States, 617 F.2d 892, 894 (1st Cir.), cert denied, 449 U.S. 891 (1980).
 
 
 4
 In United States v. Lanham, 631 F.2d 356 (4th Cir.1980) (per curiam), this Court found that the dismissal without prejudice of the indictment was not immediately reviewable. In Lanham, the defendants appealed from the government's dismissal of the indictment without prejudice. This Court dismissed the appeal because the order appealed from was not a final order within the meaning of 28 U.S.C. § 1291 and it did not leave the defendants aggrieved so as to grant them standing to appeal. Lanham, 631 F.2d at 358. In coming to these conclusions, this Court followed Parr v. United States, 351 U.S. 513 (1956). See also United States v. Jones, 887 F.2d 492, 493 n. 2 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3527 (U.S.1990).
 
 
 5
 We find that Parr also controls this case. As in Parr, the order appealed from here is not a final order within the meaning of 28 U.S.C. § 1291 and it is not otherwise appealable. See United States v. Kelley, 849 F.2d 1395 (11th Cir.1988) (per curiam) (order dismissing indictment without prejudice for violation of Speedy Trial Act not immediately appealable); United States v. Reale, 834 F.2d 281, 283 (2d Cir.1987) (per curiam) (same); United States v. Bratcher, 833 F.2d 69, 71-72 (6th Cir.1987) (same), cert. denied, 484 U.S. 1030 (1988).
 
 
 6
 Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 DISMISSED.