Michael E. Lasater, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Bruce FORD, Defendant–Appellant.**

**No. 91–50209.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 1992.*

Decided April 7, 1992.

Before: HUG and PREGERSON, Circuit Judges, and PECKHAM, Senior District Judge.**

PER CURIAM:

Bruce Ford appeals from the district court's order dismissing, without prejudice, an indictment that was returned against him. Ford was charged with conspiracy to

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

** Robert F. Peckham, Senior District Judge for the Northern District of California, sitting by designation.

possess a controlled substance with the intent to distribute and possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Ford was also indicted for violating 18 U.S.C. § 2. We find that we do not have jurisdiction under 28 U.S.C. § 1291 to review the district court's order, and dismiss Ford's appeal.

## DISCUSSION

Following the district court's decision dismissing the first indictment, Ford was reindicted. He then pled guilty to violating 21 U.S.C. § 841(a)(1) as charged in the subsequent indictment. Under the terms of the guilty plea, Ford agreed not to appeal his conviction under the second indictment. Ford appeals only from the district court's order dismissing, without prejudice, the first indictment. He claims that the district court abused its discretion granting the order. We have no jurisdiction over this appeal because the district court's order is not a final decision within the meaning of 28 U.S.C. § 1291.

In *United States v. Mehrmanesh*, 652 F.2d 766 (9th Cir.1981), we held that the district court's order denying a motion to dismiss for violation of the Speedy Trial Act (18 U.S.C. §§ 3161–74) is not appealable as a final judgment. *Id.* at 768. The same conclusion applies to an order dismissing, without prejudice, an indictment under the speedy trial provision of the Interstate Agreement on Detainers Act ("IADA") (18 U.S.C.A.App. § 9(1) (Supp. 1989)). First, in *Mehrmanesh*, as here, the consequence of the district court's decision is to subject the defendant to trial. Second, the language of § 3162(a)(1) of the Speedy Trial Act is virtually identical to the speedy trial provision of the IADA.

We therefore extend our holding in *Mehrmanesh* to the present case and hold that the district court's order dismissing Ford's indictment is not appealable.[1] *Cf. United States v. Kurt*, 945 F.2d 248, 251–52 (9th Cir.1991) (appellate review of dismissal orders under the IADA "should follow the example set in Speedy Trial Act dismissal cases"). Ford's appeal is DISMISSED.

---

1. In doing so we follow similar holdings in other circuits. *See United States v. Holub*, 944 F.2d 441, 442 (8th Cir.1991) (dismissal of indictment without prejudice under Speedy Trial Act is not a final decision within the meaning of 28 U.S.C. § 1291); *United States v. Jones*, 887 F.2d 492, 493 n. 2 (4th Cir.1989) *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1137, 107 L.Ed.2d 1042 (1990) (court would have lacked jurisdiction to hear any appeal of dismissal order granted without prejudice under the Speedy Trial Act); *United States v. Kelley*, 849 F.2d 1395, 1397 (11th Cir. 1988) (criminal defendant may not appeal immediately when an indictment is dismissed without prejudice under the Speedy Trial Act); *United States v. Reale*, 834 F.2d 281, 282 (2nd Cir.1987) (Speedy Trial Act dismissal without prejudice is not appealable under 28 U.S.C. § 1291).