**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George TSOSIE, Defendant-Appellant.**

No. 91–2210.

United States Court of Appeals,
Tenth Circuit.

June 12, 1992.

---

1358

Mary L. Higgins, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., with her on the brief), Albuquerque, N.M., for plaintiff-appellee.

Stephen P. McCue, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Before MCKAY, Chief Circuit Judge, MOORE, Circuit Judge, and EISELE, District Judge.*

JOHN P. MOORE, Circuit Judge.

Defendant George Tsosie appeals the dismissal without prejudice under the Speedy Trial Act of his indictment for aggravated sexual abuse of a child. Because dismissal without prejudice under the Speedy Trial Act is not a final decision under either 28 U.S.C. § 1291 or the collateral order doctrine, we dismiss the appeal for lack of jurisdiction.

I.

On April 11, 1991, Mr. Tsosie was charged with committing aggravated sexual abuse of a girl under the age of twelve in Iyanbito in Indian Country, New Mexico, on June 23, 1989. 18 U.S.C. §§ 1153, 2241(c), 2245(2)(B). Under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, if trial is not commenced within seventy days of the filing of the indictment, 18 U.S.C. §§ 3161(c)(1), 3161(h), the indictment shall be dismissed either with or without prejudice. 18 U.S.C. § 3162(a)(2). Defendant's Speedy Trial Act period expired July 27, 1991, and he filed a motion to dismiss some three weeks later.

The government did not contest Mr. Tsosie's Speedy Trial Act claim, and the district court for New Mexico dismissed the indictment without prejudice. Defendant argues his case should have been dismissed with prejudice and appeals the order. The government contests our jurisdiction to take the appeal.

Federal law allows appeals from final decisions of the district courts. 28 U.S.C.

---

* Honorable Garnett Thomas Eisele, Senior District Judge for the United States District Court for the Eastern District of Arkansas, sitting by designation.

§ 1291. In *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), the Supreme Court held dismissal without prejudice is not a final order. " 'Final judgment in a criminal case means sentence. The sentence is the judgment.' " *Id.* at 518 (quoting *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937)). *See also United States v. Thompson,* 814 F.2d 1472, 1474–75 (10th Cir.), *cert. denied,* 484 U.S. 830, 108 S.Ct. 101, 98 L.Ed.2d 61 (1987). Adherence to the rule of finality is particularly strict in criminal cases because delays associated with intermediate appeals are inimical to the effective operation of criminal law. *Abney v. United States,* 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977) (citing *DiBella v. United States,* 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962)). To accept an interlocutory appeal in this case, we would have to hold Speedy Trial Act claims either fall within the collateral order doctrine, or jurisdiction is implied by the language of the statute. If we have jurisdiction, we review decisions of the trial court under the Speedy Trial Act for abuse of discretion. *United States v. Taylor,* 487 U.S. 326, 335, 108 S.Ct. 2413, 2419, 101 L.Ed.2d 297 (1988).

## II.

■ The requirements for appealing collateral orders are set out in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), and *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). The order must: "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." 437 U.S. at 468–69, 98 S.Ct. at 2458 (citing *Abney,* 431 U.S. at 658, 97 S.Ct. at 2039; *United States v. MacDonald,* 435 U.S. 850, 855, 98 S.Ct. 1547, 1550, 56 L.Ed.2d 18 (1978)).

The Supreme Court has applied the collateral order doctrine to four categories of criminal cases to date: (1) motions to reduce bail, *Stack v. Boyle,* 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951); (2) pretrial orders denying motions to dismiss on double jeopardy grounds, *Abney,* 431 U.S. at 658–59, 97 S.Ct. at 2040; (3) rejection of Speech and Debate Clause immunity, *Helstoski v. Meanor,* 442 U.S. 500, 506–07, 99 S.Ct. 2445, 2448, 61 L.Ed.2d 30 (1979); and (4) denial of a qualified immunity defense, *Mitchell v. Forsyth,* 472 U.S. 511, 528–29, 105 S.Ct. 2806, 2816–17, 86 L.Ed.2d 411 (1985). We have extended the collateral order exception in *United States v. P.H.E., Inc.,* 965 F.2d 848 (10th Cir.1992). In *P.H.E.,* we held appellants presented a First Amendment "right not to be tried," 965 F.2d at 853, which would be " 'lost, probably irreparably,' " if review had to await final judgment. *Id.* (citing *Abney,* 431 U.S. at 658, 97 S.Ct. at 2039, quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225).

■ The collateral order doctrine is an interpretive rule for courts to construe statutory jurisdictional requirements by weighing the interests involved on the merits. A collateral order thus may be considered on appeal if it is " 'too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " *United States v. Thompson,* 814 F.2d at 1475 (citing *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1226). In criminal cases, collateral orders have only been taken on appeal when the interest has reached the level of a constitutional "right not to be tried." *See Abney,* 431 U.S. at 659, 97 S.Ct. at 2040 ("Rather, he is contesting the very authority of the Government to hale him into court to face trial on the charge against him." (citations omitted)); *see also MacDonald,* 435 U.S. at 860 n. 7, 861, 98 S.Ct. at 1552 n. 7, 1553 (describing "right not to be tried").

Defendant Tsosie asserts the vindication of his speedy trial rights implicates a right not to be tried. The first two components of the *Cohen* collateral order test, that the order conclusively determine the disputed question and the issue be separate from

the merits, would be met by an order to dismiss with prejudice. Defendant concedes the third *Cohen* requirement, that the right be effectively lost without interlocutory appeal, is not met. He urges a more flexible interpretation of the third *Cohen* requirement, using the reasoning of the dissent in *United States v. Bratcher*, 833 F.2d 69, 72 (6th Cir.1987), *cert. denied*, 484 U.S. 1030, 108 S.Ct. 760, 98 L.Ed.2d 772 (1988).

Mr. Tsosie raises only the Speedy Trial Act issues and does not assert a constitutional claim. Defendant argues there is a high likelihood prejudice will result from both pre-indictment delay and the violation of his Speedy Trial Act rights, and that these rights might not be vindicated on appeal. He asserts that "requiring [a] defendant to run the gauntlet of a second indictment and trial" undermines the purpose of the Speedy Trial Act. *See Bratcher*, 833 F.2d at 73 (Dowd, J., dissenting). Defendant urges a less strict application of the *Cohen* test—or dispensing with its "effectively unreviewable" aspect entirely—is appropriate when a court has already determined a violation of statutory speedy trial rights.

■ Society's interest in an expeditious criminal process requires that we apply the collateral order doctrine to criminal cases only when a constitutional interest is at stake. Thus, defendant's claims must include a constitutional component to fit within *Cohen*'s jurisdictional exceptions. While Mr. Tsosie does not raise constitutional speedy trial claims expressly, his collateral order argument implies our consideration of constitutional interests.

The Supreme Court has held constitutional speedy trial claims are not reviewable interlocutorily. *United States v. MacDonald*, 435 U.S. at 861, 98 S.Ct. at 1553. The Court reasoned the Sixth Amendment right to a speedy trial protects not only the rights of the accused, but a separate societal interest in successful and efficient prosecution. "Allowing an exception to the rule against pretrial appeals in criminal cases for speedy trial claims would threaten precisely the values manifested in the

Speedy Trial Clause. And some assertions of delay-caused prejudice would become self-fulfilling prophesies during the period necessary for appeal." *Id.* at 862, 98 S.Ct. at 1553. According to *MacDonald*, "the Speedy Trial Clause does not ... encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." *Id.* at 861, 98 S.Ct. at 1553. Because exceptions to *Cohen* have only been found where the right was of constitutional importance, any prejudice from delay asserted pursuant to the Speedy Trial Act is irrelevant to the *Cohen* determination under *MacDonald*.

■ Consequently, defendant is left with the argument that the purpose of the statute implies a right to interlocutory appeal. Congress could, of course, specify any change in jurisdictional requirements in the statute itself. In the absence of express statutory authorization, however, the right asserted by defendant Tsosie must be implied in the intent of the statute. The language of the statute gives little indication of an intent to grant jurisdiction for interlocutory appeals taken pursuant to it. Section 3162(a)(2) states:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.... *In determining whether to dismiss the case with or without prejudice,* the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2) (emphasis added).

The decision whether to dismiss the indictment with or without prejudice is thus committed by the statute to the discretion of the trial judge. We have held the *denial* of a motion to dismiss an indictment under the Speedy Trial Act is not an appealable collateral order. *United States v. Hornung*, 785 F.2d 868, 870 (10th Cir.

1986), *cert. denied, sub nom. Green v. United States,* 489 U.S. 1069, 109 S.Ct. 1349, 103 L.Ed.2d 817 (1989) ("Speedy Trial Act only protects the defendant against delay, not the trial itself, so that awaiting final judgment to appeal will not cause defendant irreparable harm.").

In *United States v. Taylor,* the Supreme Court considered the legislative purpose of the Speedy Trial Act and construed the bounds of the trial court's discretion. *Taylor,* 487 U.S. at 326, 108 S.Ct. at 2414. Reversing a dismissal with prejudice, *Taylor* made clear the intent of the Act was to balance protection of the accused against society's interest in efficient criminal process. "The legislative history ... confirms that, consistent with the language of the statute, Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation." *Id.* at 334, 108 S.Ct. at 2418. The Court found prejudice to the defendant was only one relevant factor in deciding whether to dismiss with or without prejudice. "The thrust of the compromise was that the decision to dismiss with or without prejudice was left to the guided discretion of the district court, and that neither remedy was given priority." *Id.* at 335, 108 S.Ct. at 2418.

*Taylor* dictates a review limited to whether the district court properly considered the statutory requirements guiding the exercise of its discretion, and whether there was any abuse in the court's consideration of prejudice.[1] Defendant argues pre-indictment delay, including changes in the scene of the crime and the subsequent sexual abuse of the alleged child victim in a separate case, leads to prejudice which would not be effectively reviewable on appeal.[2] However, the district court discussed both these allegations and the seri-

ousness of the alleged crime, albeit briefly, in deciding to dismiss without prejudice in accordance with *Taylor* and section 3162(a). (R.I, doc. 27).

■ Moreover, to take jurisdiction of this interlocutory appeal, we must hold the court's abuse of discretion in applying the statute was so serious the purpose of the Act would be violated by a trial on the merits. With only a thin evidentiary record before us, this remedy involves precisely the dangers warned of in *MacDonald* in the constitutional speedy trial context, that "in most cases ... it is difficult to make the careful examination of the constituent elements of the speedy trial claim before trial. Appellate courts would be in no better position than trial courts to vindicate a right that had not yet been shown to have been infringed." *MacDonald,* 435 U.S. at 861, 98 S.Ct. at 1553. While Mr. Tsosie's statutory speedy trial rights clearly have been infringed, we are not now in a position to assess the seriousness of any prejudicial effect on his trial.

Even were we inclined to believe an abuse of discretion occurred here, the grounds for asserting jurisdiction are neither expressly stated nor implied by the purpose of the statute. Several circuit courts have considered whether interlocutory appeal can be taken from the dismissal of an indictment without prejudice under the Speedy Trial Act and have not found jurisdiction. *United States v. Kelley,* 849 F.2d 1395, 1397 (11th Cir.1988); *United States v. Bratcher,* 833 F.2d at 72; *United States v. Reale,* 834 F.2d 281, 283 (2d Cir. 1987). We follow these circuits and hold the dismissal of an indictment under the Speedy Trial Act is not a final decision either under 28 U.S.C. § 1291 or the collateral order doctrine. We also do not believe the purpose of the Act implies jurisdiction

---

**1.** *Taylor,* 487 U.S. at 336–37, 108 S.Ct. at 2419: Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case, and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review. Only then can an appellate court ascertain whether a district court has ignored or slighted a factor

that Congress has deemed pertinent to the choice of remedy, thereby failing to act within the limits prescribed by Congress.

**2.** We are mindful the alterations in the circumstances of defendant's case occurred prior to indictment, and are thus only relevant under the Speedy Trial Act to the extent the district court finds appropriate.

over interlocutory appeals. We therefore DISMISS the appeal for lack of jurisdiction.