**Filed 5/23/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 95-3364 |
| v. | D. Kansas |
| EUGENE J. KARLIN and AGNES M. KARLIN, | (D.C. No. 94-1428-PFK) |
| Defendants - Appellants, | |
| and | |
| EIGHT K. INVESTMENT; THOMAS COUNTY BOARD OF COMMISSIONERS; LOGAN COUNTY, KANSAS, BOARD OF COUNTY COMMISSIONERS, | |
| Defendants. | |

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Eugene J. Karlin appeals the district court's orders denying his motion for partial summary judgment and motion for reconsideration on double jeopardy grounds. Because we lack jurisdiction to consider these orders at this stage of the litigation, we dismiss the appeal.

The government filed this suit against Mr. Karlin and others, seeking, inter alia, to reduce certain tax assessments to judgment. The assessments included civil tax fraud penalties. Mr. Karlin moved for partial summary judgment, arguing that imposition of the civil penalties following his acquittal on criminal tax fraud charges violated the Double Jeopardy Clause of the Fifth Amendment. The district court denied the motion on August 25, 1995. Mr. Karlin subsequently opposed the government's motion for summary judgment on the assessment claim, which motion the court granted on October 19, 1995. The court also denied Mr. Karlin's motion for reconsideration of the double jeopardy ruling and motion for Rule 54(b) certification. On November 1, 1995, Mr. Karlin filed a notice of appeal.

We have appellate jurisdiction to review "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Orders that leave the "awarding of other relief . . .

to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976). "[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties" unless the district court expressly determines there is no just reason to delay entry of a final judgment. Fed. R. Civ. P. 54(b).

In his brief, Mr. Karlin concedes that the litigation is still proceeding below and that the district court's denial of his Rule 54(b) motion "renders all issues other than the instant double jeopardy appeal premature." Appellant's Br. at 2. He maintains, however, that the denial of his double jeopardy motion is a final decision within the meaning of 28 U.S.C. § 1291, under decisions from the Supreme Court and this court. Abney v. United States, 431 U.S. 651, 662 (1977); Richardson v. United States, 468 U.S. 317, 321-22 (1984) (following Abney); United States v. Tsosie, 966 F.2d 1357, 1359 (10th Cir.), cert. denied, 506 U.S. 928 (1992) (citing Abney); see also United States v. P.H.E., Inc., 965 F.2d 848, 853-55 (10th Cir. 1992) (holding First Amendment "right not to be tried" allowed immediate appeal) (citing Abney).

The decisions Mr. Karlin cites establish that a defendant may immediately appeal a pretrial order in this context "to avoid exposure to double jeopardy." Abney, 431 U.S. at 662. To preserve this right, the challenge "must be reviewable before that subsequent exposure occurs." Id. (emphasis added). In the instant case, however, Mr. Karlin did not

immediately appeal the double jeopardy decision, but rather defended and lost on the merits of the assessment claim before appealing. He has therefore already suffered the exposure an <u>Abney</u> appeal was designed to prevent. He cites no other authority for a post-exposure, pre-judgment appeal. His only remaining interest under the Double Jeopardy Clause -- to be free from multiple punishments for the same offense -- may be fully reviewed following final judgment and is therefore not appealable at this stage of the litigation. <u>Id.</u> at 660.

Accordingly, we DISMISS the appeal for lack of jurisdiction. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge