F I L E D
United States Court of Appeals
Tenth Circuit

MAR 7 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

WILLIAM D. KILLION, JR.,

  Defendant-Appellant.

No. 96-3289

(D.C. No. 96-CR-10001)

(D. Kan.)

ORDER AND JUDGMENT*

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.**

  In this direct appeal, Defendant-Appellant William Killion asserts that a

superseding indictment improperly charged him after the same charge in another

indictment had been previously dismissed for a violation of the Speedy Trial Act.  We

---

  *      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

  **      After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. 34.1.9.  The case is therefore
submitted without oral argument.

have jurisdiction over this appeal from a final judgment pursuant to 28 U.S.C. § 1291. After carefully examining the briefs, record, and district court opinions in this matter, we affirm.

The undisputed facts relevant to this matter are as follows. Defendant first appeared before a magistrate judge for a detention hearing on October 24, 1994. Fifty-seven days thereafter Defendant filed a comprehensive discovery motion. On March 7, 1995, the district court, on Defendant's motion, ordered a psychological evaluation of the Defendant. The Government did not transport Defendant to the facility for evaluation until May 9, 1995. Of the sixty-four days which elapsed between the court's order and Defendant's arrival at the facility, fifty-four were chargeable to the Government for speedy trial purposes. The tests were completed, and Defendant was returned to his district on June 14, 1995. Subsequently, Defendant's counsel filed motions for continuances on July 10, 1995; July 18, 1995; and August 21, 1995. On August 18, 1995, Defendant filed several pre-trial motions including a motion for dismissal for a violation of the Speedy Trial Act. On August 28, 1995, the Government conceded a violation of Defendant's speedy trial right, and the court dismissed the charge. The court did, however, reserve the determination of whether the dismissal should be with prejudice until the parties could brief the issue. After briefing, Judge Brown, in a very careful and thoughtful opinion, concluded that "after consideration of all of the circumstances . . . the court finds dismissal without prejudice [to be] the appropriate remedy in this case."

2

A new indictment was filed on March 14, 1996, and Defendant responded with a motion to dismiss for violation of his speedy trial right. In the motion, Defendant argued that the district court erred when it failed to dismiss the original indictment with prejudice. Thus, he argued, the second indictment was improper. The District Judge before whom the second motion was filed analyzed the parties' arguments and ruled that Judge Brown did not err when he dismissed the original indictment without prejudice. Defendant subsequently conditionally pleaded guilty to the charges and initiated this appeal. The plea reserved the question of whether Defendant was properly reindicted. Accordingly, the sole question before us is whether Judge Brown erred by dismissing the indictment without prejudice rather than with prejudice.[1]

When reviewing a district court's determination of whether an indictment should be dismissed with or without prejudice for a violation of the Speedy Trial Act, we will only reverse if we find that the district court abused its wide discretion. United States v. Tsosie, 966 F.2d 1357, 1359 (10th Cir. 1992). See also United States v. Taylor, 487 U.S. 326, 335 (1988) (defining the criteria by which a district court's Speedy Trial Act rulings are judged). Wide latitude is to be given district court's decision in these matters so long as it properly considers the statutory guidelines. See Taylor, 487 U.S. at 336.

---

[1] This is the proper time to review this question. There was no final judgment to be reviewed after the trial court dismissed the first indictment. Only after the prosecution refiled the indictment and it proceeded to final judgment was there an aggrieved party and a matter for our review. See Parr v. United States, 351 U.S. 513, 517-20 (1956).

In determining whether to grant a motion to dismiss with prejudice or without prejudice, a district court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." United States v. Saltzman, 984 F.2d 1087, 1092 (10th Cir. 1993). A review of Judge Brown's opinion reveals that he carefully examined each of these elements in making his ruling. Moreover, the opinion clearly articulates Judge Brown's weighing of the factors in concluding that the indictment should be dismissed without prejudice. Accordingly, after reviewing the district court orders, the briefs, and the record before us, we find for substantially the same reasons expressed by the district court below that Judge Brown did not abuse his discretion in granting the dismissal without prejudice.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge