2003 ND 83

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Anthony James MOORE, Defendant and Appellant.**

No. 20020305.

Supreme Court of North Dakota.

June 3, 2003.

Rehearing Denied June 17, 2003.

Birch P. Burdick, State's Attorney, Courthouse, Fargo, N.D., for plaintiff and appellee.

Anthony James Moore, pro se, State Penitentiary, Bismarck, N.D., defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Anthony James Moore appeals the district court order denying post-judgment motions following Moore's conviction on one count of gross sexual imposition. Moore appeals the district court's denial of his post-trial motion for pretrial discovery materials, his post-trial motion for the prospective juror list used at trial, his motion for a complete transcript of his trial, his motion for the removal of documents from the register, and his motion to dismiss his second count with prejudice. We dismiss the appeal for lack of appealability.

I

[¶ 2] Moore was charged with two counts of gross sexual imposition, involving different victims on different occasions. The counts were separated for trial. Moore was tried and convicted by a jury of gross sexual imposition on one count on November 28, 2001, and sentenced to twenty years in prison. On December 13, 2001, the district court granted the State's motion to dismiss the second count without prejudice. Moore filed numerous post-trial motions with the district court between November 30, 2001, and January 2, 2002, all of which were denied on January 22, 2002. Eight months later, between September 23, 2002, and October 17, 2002, Moore filed eleven additional motions with the district court, including motions for pretrial discovery materials, a transcript of the entire court proceeding, the prospective juror list used at the November 27, 2001, trial, and dismissal of the second count with prejudice. On October 21, 2002, the district court denied Moore's motions because at the time Moore filed them he did not have a current action pending in the East Central Judicial District Court or in any other court. Moore appealed the district court's October 21, 2002, denial of his motions.

[¶ 3] On appeal, Moore asks this Court to remand the district court's denial of his motions, to have the district court dismiss the second count with prejudice, to have the district court provide him with a transcript of the entire court proceeding, pretrial discovery materials, and the prospective juror list used at trial, and to have the court remove and destroy documents from the register.

II

[¶ 4] Moore argues that the district court erred in denying his motions to have the district court provide him with a

transcript of the entire court proceeding, pretrial discovery materials, and the prospective juror list used at trial, and to have the court remove and destroy documents from the register. The right of appeal in North Dakota is governed purely by statute, and an order is appealable only if it comes within the provisions of a specific statute. *State v. Peterson,* 334 N.W.2d 483, 484 (N.D.1983) (citing *State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73, 75 (N.D.1981)). Although "[s]tatutes conferring the right to appeal must be liberally construed to maintain the right to appeal," the party appealing bears the burden of showing that the right to appeal comes within the language of a statute. *Id.*

[¶ 5] Section 29-28-06, N.D.C.C., provides statutory authority for appeals by a defendant in a criminal case, and states:

An appeal may be taken by the defendant from:

1. A verdict of guilty;

2. A final judgment of conviction;

3. An order refusing a motion in arrest of judgment;

4. An order denying a motion for a new trial; or

5. An order made after judgment affecting any substantial right of the party.

[¶ 6] Moore's appeal does not fall within subsections 1 through 4 of N.D.C.C. § 29-28-06. For Moore's appeal to come under the statute, this Court would have to conclude the district court's denial of Moore's post-conviction motions affects his substantial rights under N.D.C.C. § 29-28-06(5). Moore's discovery motions filed with the district court eight months after his conviction were not timely and do not affect any of his substantial rights. We conclude the district court's denial of Moore's discovery motions is not appealable. N.D.C.C. §§ 28-27-02, 29-28-06.

## III

[¶ 7] Moore argues that dismissal of the second count without prejudice allows the prosecution to bring him to trial again, amounting to an unreasonable delay in trying his case. He argues his Sixth Amendment right to a speedy trial is violated.

[¶ 8] The United States Supreme Court has explained, the Sixth Amendment's "Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges." *United States v. MacDonald,* 456 U.S. 1, 7, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). The court explained:

The Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

Once charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation. Certainly the knowledge of an ongoing criminal investigation will cause stress, discomfort, and perhaps a certain disruption in normal life. This is true whether or not charges have been filed and then dismissed. This was true in *Marion,* where the defendants had been subjected to a lengthy investigation which received considerable press attention. But with no charges outstanding,

personal liberty is certainly not impaired to the same degree as it is after arrest while charges are pending. After the charges against him have been dismissed, "a citizen suffers no restraints on his liberty and is [no longer] the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer." *United States v. Marion,* 404 U.S. [307], 321, 92 S.Ct. 455, 30 L.Ed.2d 468 [1971]. Following dismissal of charges, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone openly subject to a criminal investigation.

*MacDonald,* 456 U.S. at 8–9, 102 S.Ct. 1497 (footnotes omitted).

■ [¶ 9] The Eighth Circuit and other federal courts of appeals that have considered the question of a district court order dismissing an indictment without prejudice under the Speedy Trial Act have held the dismissal "is not a final decision" and therefore is not appealable. *United States v. Holub,* 944 F.2d 441, 442 (8th Cir.1991); *see also United States v. Ford,* 961 F.2d 150, 151 n. 1 (9th Cir.1992); *United States v. Jones,* 887 F.2d 492, 493 n. 2 (4th Cir.1989); *United States v. Kelley,* 849 F.2d 1395, 1396 (11th Cir.1988); *United States v. Reale,* 834 F.2d 281, 282–83 (2d Cir.1987); *United States v. Bratcher,* 833 F.2d 69, 72 (6th Cir.1987). Under this holding, courts have explained that "absent extraordinary circumstances, a defendant has no standing to appeal the dismissal of an indictment." *United States v. Femia,* 57 F.3d 43, 49 (1st Cir.1995) (citation omitted). There is no standing because the defendant has not been legally aggrieved by such action. *Parr v. United States,* 351 U.S. 513, 517–18, 76 S.Ct. 912,

100 L.Ed. 1377 (1956); *Reale,* 834 F.2d at 282.

■ [¶ 10] Upon the State's motion under N.D.R.Crim.P. 48(a), the district court dismissed Moore's second count of the information without prejudice. In North Dakota, felony prosecutions usually proceed under an information in place of an indictment. *See* N.D. Const. art. I, § 10; N.D.R.Crim.P. 7. Federal case law holds that dismissal of an indictment without prejudice on a motion brought through the Government under Federal Rule of Criminal Procedure 48(a) is not a final appealable order. *United States v. Day,* 806 F.2d 1240, 1242 (5th Cir.1986) (district court order dismissing indictment without prejudice on Government's motion under Federal Rule of Criminal Procedure 48(a) is not a final appealable order); *United States v. Moller–Butcher,* 723 F.2d 189, 190–91 (1st Cir.1983); *United States v. Lanham,* 631 F.2d 356, 357–58 (4th Cir. 1980). The comments in N.D.R.Crim.P. 48(a) indicate that the rule follows the language and meaning of Fed.R.Crim.P. 48(a). *State ex rel. Koppy v. Graff,* 484 N.W.2d 855, 857 n. 2 (N.D.1992). We, likewise, hold that a district court's dismissal without prejudice, upon the State's motion under N.D.R.Crim.P. 48(a), is not appealable. Therefore, dismissal of Moore's second count without prejudice is not appealable. If Moore is recharged on the second count and is convicted, he may be able to pursue his claims on direct appeal. *See United States v. Holub,* 944 F.2d 441, 442 (8th Cir.1991).

## IV

[¶ 11] We conclude Moore's issues are not appealable to this Court because Moore's motions were not timely and we lack jurisdiction under the provisions of N.D.R.App.P. 4(b)(1) or N.D.C.C. §§ 28–27–02 and 29–28–06.

[¶ 12] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.