

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2008

# USA v. Kuper

Precedential or Non-Precedential: Precedential

Docket No. 07-1916

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kuper" (2008). *2008 Decisions.* Paper 1300.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1300

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1916

_____

UNITED STATES OF AMERICA

v.

MARTIN KUPER,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00167-3)
District Judge: Honorable Paul S. Diamond

_____

Submitted by the Clerk for Possible Dismissal Due to a
Jurisdictional Defect February 29, 2008

Before:  SLOVITER, FISHER, and HARDIMAN,
Circuit Judges

(Filed: April 7, 2008 )

_____

Burton A. Rose
Philadelphia, PA l9130

        Attorney for Appellant

Vineet Gauri
Office of United States Attorney
Philadelphia, PA l9106

        Attorney for Appellee

_____

OPINION OF THE COURT

_____

SLOVITER, Circuit Judge.

The issue before us is whether an order of the District Court granting, without prejudice, defendant's motion to dismiss the indictment based on a violation of the Speedy Trial Act is appealable at this time. This court has not previously addressed that issue, although many of our sister circuits have.

**I.**

On March 23, 2005, Martin Kuper and two co-defendants, Steven Rockman and Jeffrey Foster, were indicted on five counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. The trial date was initially set for May 17, 2005. Defendant Rockman moved for a continuance, which the District Court granted on April 18, 2005, under the Speedy Trial Act's "ends of justice" provision. 18 U.S.C. § 3161(h)(8)(A). Foster entered a guilty plea on June 12, 2006 and Rockman entered a guilty plea on February 6, 2007. Both defendants who pled guilty became cooperating witnesses for the government. This left Martin Kuper as the sole defendant. By order dated February 9, 2007, the District Court set the date for Kuper's trial as March 26, 2007. On March 6, 2007, Kuper filed a motion to dismiss the indictment based on a violation of the Speedy Trial Act. The District Court entered an order on March 19, 2007, granting Kuper's motion and dismissed the case without prejudice. Kuper filed a timely notice of appeal, arguing that the indictment should have been dismissed with prejudice. See 18 U.S.C. § 3162(a)(1). The Government responded, arguing that this court lacks jurisdiction over Kuper's appeal because it is taken from an order that is not appealable at this time. We turn to that issue.

2

## II.

The rule that this court's jurisdiction is limited to final orders of the district courts, see 28 U.S.C. § 1291, with only a few exceptions, is equally applicable in criminal cases. United States v. MacDonald, 435 U.S. 850, 853 (1978). In MacDonald, the Court held that a district court's order denying a defendant's motion to dismiss an indictment because of an alleged violation of defendant's Sixth Amendment right to a speedy trial was not appealable because "such an order obviously is not final in the sense of terminating the criminal proceedings in the trial court." Id. at 857.

To be sure, the Supreme Court has held that certain orders in criminal cases fall within the collateral order doctrine enunciated in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), and are therefore appropriate for interlocutory appeal. See Stack v. Boyle, 342 U.S. 1, 6-7 (1951) (holding appealable an order denying motion to reduce bail); Abney v. United States, 431 U.S. 651, 662 (1977) (holding appealable an order denying pretrial motion to dismiss indictment on double jeopardy grounds). In MacDonald, the Court explained that if review of an order denying bail had to await final judgment, the right would probably be lost irreparably. 435 U.S. at 855 (citing Stack, 342 U.S. at 12 (Jackson, J.)). Similarly, the right conferred by the Double Jeopardy Clause would be "'significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence.'" Id. at 856 (quoting Abney, 431 U.S. at 660).

In contrast, an order denying a motion to dismiss an indictment on speedy trial grounds does not represent a final rejection of a defendant's claim. Id. at 858. It is not independent of the outcome of the trial, and the defendant's speedy trial right would be satisfied by an acquittal. Id. at 859. The same considerations apply to the District Court's determination that the dismissal of defendant Kuper's indictment should be without prejudice. Every court of appeals that has considered the appealability of an order dismissing an indictment without prejudice has held such an order is not final and

3

appealable under § 1291. See, e.g., United States v. Ford, 961 F.2d 150, 151 (9th Cir. 1992) (per curiam) (dismissal of indictment is not a final decision within the meaning of 28 U.S.C. § 1291); United States v. Tsosie, 966 F.2d 1357, 1361 (10th Cir. 1992) (dismissal without prejudice is not a final decision under either 28 U.S.C. § 1291 or the collateral order doctrine); United States v. Holub, 944 F.2d 441, 442 (8th Cir. 1991) (same); United States v. Jones, 887 F.2d 492, 493 n.2 (4th Cir. 1989) (court would have lacked jurisdiction to hear any appeal of dismissal order granted without prejudice under Speedy Trial Act); United States v. Kelley, 849 F.2d 1395, 1397 (11th Cir. 1988) (per curiam) (any challenge to the dismissal of an indictment without prejudice must await the defendant's subsequent conviction); United States v. Reale, 834 F.2d 281, 282 (2d Cir. 1987) (per curiam) (same); United States v. Bratcher, 833 F.2d 69, 72 (6th Cir. 1987) (an order dismissing an indictment is not final and appealable).

Kuper does not attempt to distinguish MacDonald or the decisions of the other courts of appeals holding nonappealable defendants' claims that the dismissal should have been with prejudice. Instead, he relies on the Supreme Court's recent decision in Zedner v. United States, 547 U.S. 489 (2006). In Zedner, the defendant had signed a form prepared by the district court waiving his rights to a speedy trial under the Speedy Trial Act. Id. at 494. More than four years later, after "a variety of proceedings," that included, inter alia, inquiry into the defendant's competency, the defendant moved to dismiss the indictment for failure to comply with the Speedy Trial Act. Id. at 495-96. The district court denied the motion on the ground that defendant had waived his Speedy Trial Act rights "for all time." Id. at 496. Defendant was thereafter hospitalized, but several months later he was found to be competent to stand trial, albeit delusional. Id. The trial proceeded more than seven years after he was indicted and the jury found him guilty on six counts of attempting to defraud a financial institution. Id. He was sentenced to 63 months of imprisonment and the Court of Appeals affirmed the conviction. Id. at 496-97.

The Supreme Court granted certiorari to consider the

standard for analyzing whether a defendant has made an effective waiver of rights under the Act. Id. at 497. The Court held, inter alia, that a defendant may not prospectively waive the application of the Speedy Trial Act. Id. at 500. In reaching that determination, Justice Alito, writing for the Court, rejected the government's estoppel argument, id. at 503-04, and instead noted the public's interest in "reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment," id. at 501.

The considerations discussed in Zedner are not directed to the issue before us, the availability of appellate review. Indeed, they are not directed to the issue of dismissal with or without prejudice. It is of some interest that the Court remanded, "leav[ing] it to the District Court to determine in the first instance whether dismissal should be with or without prejudice." Id. at 509. Nothing in Zedner affects the long-standing interpretation of the federal courts that the purpose of the Speedy Trial Act does not encompass a "right not to be tried." See, e.g., United States v. Mehrmanesh, 652 F.2d 766, 769 (9th Cir. 1981); United States v. Wilkes, 368 F. Supp. 2d 366, 368 (M.D. Pa. 2005) (holding that order denying motion to dismiss an indictment unappealable). Ultimately, Kuper will be able to appeal the dismissal of his first indictment if he is re-indicted and convicted. See, e.g., United States v. Wright, 6 F.3d 811, 813 (D.C. Cir. 1993).

Because Kuper does not have a right to be free from re-indictment or a second trial, his additional argument predicated on personal hardship is not persuasive. "'[B]earing the discomfiture and cost of a prosecution for a crime even by an innocent person is one of the painful obligations of citizenship.'" United States v. Levine, 658 F.2d 113, 128 (3d Cir. 1981) (quoting Parr v. United States, 351 U.S. 513, 519-20 (1956)). Inasmuch as Kuper has no right to be free from re-indictment, he has no right that would be irreparably lost if he were denied the opportunity to appeal. The Supreme Court has stated that "it makes no difference whether the dismissal [of an indictment] leaves [a defendant] open to further prosecution . . . . The

5

testing of the effect of the dismissal order must abide petitioner's trial, and only then, if convicted, will he have been aggrieved." Parr, 351 U.S. at 517.

### III.

For the reasons set forth, we will dismiss Kuper's appeal for lack of jurisdiction.