**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charmaine WHITE,
Defendant–Appellant.**

No. 86–1322.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1988.

Decided Dec. 28, 1988.

Harry L. Hellerstein, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Rodolfo Orjales, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before PREGERSON, REINHARDT and NOONAN, Circuit Judges.

PREGERSON, Circuit Judge:

White appeals from her conviction after a bench trial for bank embezzlement in violation of 18 U.S.C. § 656. White contends that the district court abused its discretion by dismissing an earlier indictment without prejudice under the Speedy Trial Act. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

BACKGROUND

Between January and May of 1985, Charmaine White, an employee of Wells Fargo Bank, made unauthorized credit card transactions causing the bank to lose about $18,000. White later signed a statement admitting the unauthorized transactions, explaining that she was motivated by a "financial bind," and declaring that she knew that "this was wrong."

White was indicted on October 16, 1985 for bank embezzlement in violation of 18 U.S.C. § 656. On February 11, 1986, the district court granted White's motion for dismissal pursuant to the Speedy Trial Act, 18 U.S.C. § 3162 because more than 70 days had elapsed from the time of White's arraignment without a trial. The district court ordered dismissal without prejudice.

On March 12, 1986, the government filed a superseding indictment. White waived a jury trial and the parties submitted the matter to the district court on stipulated facts. The government stipulated that the trier of fact could consider a defense medical expert's report. The report concluded that the defendant "lacked the specific intent to defraud the Wells Fargo Bank."[1]

---

**1.** Rule 704(b) of the Federal Rules of Evidence    precludes expert opinion as to whether a de-

The district court rejected White's contention that the government's failure to contradict the expert's opinion, either by contrary expert opinion or through cross-examination, should preclude conviction. The court then found White guilty of embezzlement.

## DISCUSSION

White contends that the district court should have dismissed her indictment with prejudice under the Speedy Trial Act, 18 U.S.C. § 3162. The decision to dismiss for noncompliance with the Act with or without prejudice is within the discretion of the district judge. *United States v. Taylor*, — U.S. ——, 108 S.Ct. 2413, 2419, 101 L.Ed.2d 297 (1988); *United States v. Frey*, 735 F.2d 350, 353 (9th Cir.1984). "The Speedy Trial Act, however, confines the exercise of that discretion more narrowly, mandating dismissal of the indictment upon violation of precise time limits, and specifying criteria to consider in deciding whether to bar reprosecution." *United States v. Taylor*, 108 S.Ct. at 2423.

The Speedy Trial Act lists three factors to be considered by a trial judge in deciding whether to dismiss an indictment with or without prejudice:

> the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Title 18 U.S.C. § 3162(a)(2). The district court stated that it "has duly considered these factors." In *United States v. Taylor*, however, the Supreme Court ruled that a district court's dismissal with prejudice under section 3162(a)(2) was an abuse of discretion where the district court failed to set out relevant factual findings and to clearly articulate its application of the statutory factors to the facts of the case. *Id.*

108 S.Ct. at 2419. The Court found that the district court had not indicated the foundation for its ruling. *Id.* at 2420.

*United States v. Taylor* is right on point here. Unfortunately it was not decided until after the district court issued its ruling. Nevertheless, it is controlling. Here, the district court did not make any specific factual findings in support of its decision to dismiss without prejudice. Furthermore, the record does not contain any discussion of the statutory factors. Because the district court failed to indicate an adequate basis for its dismissal without prejudice under section 3162(a)(2), we find that it abused its discretion.[2]

We therefore REVERSE AND REMAND to the district court for an analysis and articulation of the application of the statutory factors to the facts of this case as required by *United States v. Taylor*. This Panel retains jurisdiction.

---

fendant had the requisite mens rea. In this case, however, the government stipulated that the district court could consider the defense expert's report "to the extent the court determines notwithstanding Federal Evidence Rule 704." The district court subsequently determined that the expert's opinion was not disposi-

tive on the issue of intent but did constitute evidence of a lack of intent. (Order of July 16, 1986, E.R. 7)

2. Our review of the record satisfies us that the district court correctly determined that the Speedy Trial Act had been violated.