**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Grover C. JONES, Jr.,
Defendant–Appellant.**

**No. 87–5126.**

United States Court of Appeals,
Fourth Circuit.

Argued July 28, 1989.

Decided Oct. 17, 1989.

Rehearing and Rehearing In Banc
Denied Nov. 15, 1989.

See also 811 F.2d 1505 (unpublished opinion).

Dennis William Dohnal (Bremner, Baber & Janus, Richmond, Va., on brief) for defendant-appellant.

John P. Rowley, III, Asst. U.S. Atty., Fairfax, Va. (Michael W. Carey, U.S. Atty., Nancy C. Hill, Asst. U.S. Atty., Charleston, W.Va., on brief), for plaintiff-appellee.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

K.K. HALL, Circuit Judge:

Grover C. Jones, Jr. appeals from his conviction on five counts of mail fraud in

violation of 18 U.S.C. §§ 1341, 2. He challenges his conviction on several grounds. After a thorough review of the record, we find those grounds without merit and affirm.

## I.

Jones was arrested on charges of mail fraud on October 17, 1984. The same day he was committed by a magistrate to the Federal Correctional Institution in Butner, North Carolina for an evaluation to determine his mental competency. On November 20, 1984, he was indicted with three other individuals on five counts of mail fraud. A superseding indictment was returned on December 14, 1984 on the same charges against the same individuals, including Jones. Jones remained at Butner until December 21, 1984, when he was released on bond.

He subsequently moved to dismiss the indictment. The district court granted the motion to dismiss finding that Jones' rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., had been violated. The court found that only thirty of the sixty-six days Jones spent at Butner for psychiatric evaluation were excludable under section 3161(h)(1)(A) of the Act.[1] Consequently, the original trial date of February 20, 1985 exceeded the seventy day limit of the Act by twenty-six days. Although the district court granted the motion to dismiss, its dismissal of the indictment was without prejudice.

The government appealed from the court's dismissal order, but on June 25, 1985, a grand jury returned a new indictment against Jones, charging the same offenses as those charged in the two previous indictments and the government withdrew its appeal.[2] Jones moved to dismiss the 1985 indictment on various grounds including error in dismissing the previous indictment without prejudice. The district court denied the motion and the case proceeded to trial.

The charges which led to Jones' indictment stemmed from a fire that occurred in Matoaka, West Virginia on October 29, 1981. The government presented evidence at trial that Jones, Richard Lewis, John Whitlow, and his son, Joseph Whitlow, devised a scheme to defraud Aetna Casualty and Surety Company, the insurer of a building owned by Lewis, by burning the building and submitting a false claim to the insurance company for the resulting damage. The scheme began in the fall of 1981 when Jones approached Lewis, who was having business and financial problems, and suggested burning the building to collect the insurance proceeds. Lewis agreed and agreed to pay Jones $10,000 from the insurance funds. Jones arranged for the Whitlows to burn the building. He paid them $1,500 to commit the arson. The Whitlows were arrested as they were leaving the burning building and were tried on arson charges in West Virginia state court. Lewis filed a claim with the insurance company for damage to the building due to the fire. The company retained counsel to investigate the fire and the claim was eventually denied. The facts surrounding the charges against Jones came to light when the Whitlows agreed to cooperate with authorities during the course of the state prosecution. The correspondence between Lewis and the insurance company formed

---

1. Prior to October 12, 1984, 18 U.S.C. § 4244 permitted commitment for competency examination after arrest and before trial for "such reasonable period as the court may determine." The statute was amended on October 12, 1984, five days before Jones was arrested, by 18 U.S.C. § 4247(b) to allow commitment for "a reasonable period, but not to exceed thirty days...." When he committed Jones to Butner, the magistrate did not limit the commitment period to a specific period of time, apparently operating under the old statute.

2. Jones did not appeal from the court's dismissal order. Had he done so, this Court would have lacked jurisdiction to hear the appeal. See United States v. Kelley, 849 F.2d 1395 (11th Cir.1988); United States v. Reale, 834 F.2d 281 (2d Cir.1987); United States v. Bratcher, 833 F.2d 69 (6th Cir.1987) (all holding that a criminal defendant may not immediately appeal when an indictment is dismissed without prejudice for a Speedy Trial Act violation). Cf. United States v. Lanham, 631 F.2d 356 (4th Cir.1980) (holding that dismissal without prejudice is not immediately reviewable).

the basis for the mail fraud charges.[3]

A jury convicted Jones on all five counts of mail fraud. He was sentenced to consecutive terms of five years imprisonment on each of the first three counts and concurrent suspended terms of five years on counts four and five. He was also fined $5,000 and placed on five years probation. Jones appeals.

## II.

The appellant's principal contention on appeal is that the district court failed to comply with the Speedy Trial Act when it dismissed the December 1984 indictment without prejudice. The Act provides that in determining whether to dismiss a case with or without prejudice

> the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2). The district court in this case addressed the "facts and circumstances" leading to the dismissal in its original order but did not address the "seriousness of the offense" or the "impact of a reprosecution." In a subsequent order, however, entered after the appellant moved to dismiss the 1985 indictment on the ground that the court failed to address all three statutory factors in its dismissal order, the same court stated that it "did mentally consider" all the factors outlined in 18 U.S.C. § 3162(a)(2) during the process of dismissing the indictment. The court found that appellant was not prejudiced by the omission of a written analysis of the two factors that were not committed to writing.

■ The decision to dismiss for noncompliance with the Speedy Trial Act with or without prejudice is within the discretion of the trial court. *United States v. Taylor*, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). *United States v. Brainer*, 691 F.2d 691 (4th Cir.1982). That discretion, however, is not unlimited, the Act mandating dismissal of an indictment upon "violation of precise time limits, and specifying criteria to consider in deciding whether to bar reprosecution." 108 S.Ct. at 2423. In *Taylor* the Supreme Court ruled that a district court's dismissal with prejudice under section 3162(a)(2) was an abuse of discretion where the court failed to set out relevant factual findings and to clearly articulate its application of the statutory factors to the facts of the case. Jones does not argue that the district court abused its discretion in dismissing his indictment without prejudice, but argues that *Taylor* automatically entitles him to a remand for the court to address the two statutory factors it previously failed to address. We do not read *Taylor* quite so broadly.

In *Taylor* the Court found it significant that Congress had included clear and specific factors for a district court to consider in deciding whether to bar reprosecution, i.e., whether to dismiss an indictment with or without prejudice. The Court found that because the factors were listed in the statute, the statute required that those factors be applied to each case.

> In the Speedy Trial Act ... Congress specifically and clearly instructed that courts *"shall consider,* among others, *each of the following factors,"* § 3162(a)(2) (emphasis added), and thereby put in place meaningful standards to guide appellate review ... Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review.

---

**3.** 18 U.S.C. § 1341 makes it a crime to "devise any scheme or artifice to defraud, ... [and] for the purpose of executing such scheme or artifice ... place in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or take or receive therefrom, any such matter or thing, or knowingly cause to be delivered by mail according to the direction thereon, ... any such matter or thing."

*Id.* at 2419. The appellant relies on this language to support his claim that he is entitled to a remand for consideration of the factors in the statute. Under the circumstances of this case, we do not believe that a remand is required.

In *Taylor* the Supreme Court did not reverse simply because the district court failed to address one or more of the statutory factors. Although the Court emphasized the importance of a district court articulating its reasons for its choice of remedy and addressing the factors set out by Congress, it reversed because, after analyzing the district court's decision in the framework of the Act and in light of the record, it found that the court had abused its discretion with regard to the merits of the speedy trial claim. "The District Court failed to consider all the factors relevant to the choice of a remedy under the Act. What factors it did rely on were unsupported by factual findings or evidence in the record." *Id.* at 2423.

During oral argument of this case, appellant referred us to *United States v. White*, 864 F.2d 660 (9th Cir.1988), where the court relied on *Taylor* in reversing a conviction because the district court failed to make specific factual findings and to discuss the statutory factors in support of its decision to dismiss without prejudice under section 3162(a)(2). In *White*, the court remanded the case to the district court for analysis and articulation of the application of the statutory factors to the facts of that case.

Jones urges us to follow the Ninth Circuit and remand his case for analysis of the statutory factors. In *White* the district court made no specific factual findings in support of its decision to dismiss without prejudice and the record contained no discussion of the statutory factors. The linchpin of the reviewing court's decision to reverse was that it was unable to find an adequate basis in the record for the district court's decision. We do not believe the case before us mandates the same result.

Though we certainly do not minimize the importance of the Court's holding in *Taylor* with regard to articulation of the statutory factors, where the record amply supports the district court's decision, we do not believe *Taylor* requires automatic reversal. Instead, we choose to apply the abuse of discretion standard recognized in *Taylor* to the facts of this case, and in doing so, acknowledge that we must "undertake more substantive scrutiny" than would otherwise be the case, "to ensure that the judgment is supported in terms of the factors identified in the statute." 108 S.Ct. at 2420. Unlike *White*, the record here is sufficient for us to make a determination of whether the district court's decision to dismiss without prejudice was an abuse of discretion. After carefully reviewing the record we conclude that the district court did not abuse its discretion and that to remand the case, as the appellant requests, would not only be unnecessary, but would be pointless.

The first factor to be considered under the statute is the seriousness of the crime. In this case, we recognize that the crime charged is a very serious one. Where this is true, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay. *United States v. Carreon*, 626 F.2d 528 (7th Cir. 1980). Second, although the original trial date was 126 days after the indictment, thirty of those days were excludable for a determination of appellant's mental competency. Thus, the trial date was scheduled twenty-six days outside of the Act. However, as we previously pointed out in footnote one of this opinion, the statute providing for competency examination after arrest and before trial was amended only days before appellant's arrest and under the previous statute there would have been no violation of the Speedy Trial Act. It appears that the magistrate simply applied the wrong statute. With regard to the third factor, i.e., the impact of a reprosecution on the administration of justice and on the administration of the Speedy Trial Act, there is no evidence that a delay in the trial date was for the government to obtain a tactical advantage, that the delay was purposeful or that the appellant was prejudiced by the delay. *See United States v. Simmons*, 786 F.2d 479 (2d Cir.1986). Un-

der the circumstances, where the delay was not intentional, was not overly long, and there is no evidence of prejudice to the appellant, we find that the district court did not abuse its discretion in dismissing the indictment without prejudice. Even though the district court failed to give a written analysis of the statutory factors as it should have done, that failure was harmless in view of the fact that the record amply supports the decision.

Accordingly, the judgment of the district court is affirmed.[4]

AFFIRMED.

---

**4.** Jones also argues that the district court erred in: (1) its ruling regarding an alleged plea agreement; and (2) in allowing evidence of similar acts under Fed.R.Evid. 404(b). Also, he argues that the evidence on counts two, four, and five was not sufficient to sustain his conviction. We have reviewed these contentions and find them to be without merit.