955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gayle A. ROY, Defendant-Appellant.
 No. 91-3813.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., requires a district court to dismiss an indictment if the defendant is not brought to trial within a time frame specified in the act. The dismissal may be with or without prejudice, at the discretion of the district court, and the statute lists three factors that must be considered by the court in exercising its discretion.
 
 
 2
 This appeal arises out of a dismissal without prejudice pursuant to the Speedy Trial Act. After the dismissal, the defendant was reindicted and ultimately convicted. She argues on appeal that the district court failed properly to analyze the statutory factors and that the case should have been dismissed with prejudice. For the reasons stated below, we shall affirm the conviction.
 
 
 3
 * A grand jury initially indicted the defendant, Gayle A. Roy, on April 25, 1990. The indictment charged Ms. Roy with two violations of 18 U.S.C. § 1001 and two violations of 18 U.S.C. § 287. The charges stemmed from Ms. Roy's allegedly fraudulent collection of benefits under the Federal Employees Compensation Act. The indictment was dismissed at the government's request pursuant to Fed.R.Crim.P. 48(a) on July 23, 1990.
 
 
 4
 Ms. Roy was reindicted on November 7, 1990. The new indictment charged her with four violations of 18 U.S.C. § 1001, two violations of 18 U.S.C. § 287, and three violations of 18 U.S.C. § 1341. All of those charges stemmed from the same conduct that had led to the first indictment.
 
 
 5
 Ms. Roy was arraigned on November 19, 1990. At the pretrial conference, an Assistant U.S. Attorney advised the district court (Spiegel, J.) that the Speedy Trial Act required that the case be tried by January 28, 1991. The matter was then set for trial on January 7, 1991.
 
 
 6
 When January 7 arrived, Ms. Roy moved to dismiss the second indictment on the Speedy Trial Act grounds. Judge Spiegel agreed that there was a violation of the act, finding that at least 73 countable days had elapsed between the original indictment and the scheduled trial date. The act allowed only 70 days. Judge Spiegel therefore dismissed the second indictment. Exercising his discretion under 18 U.S.C. § 3162(a)(2), he dismissed the indictment without prejudice.
 
 
 7
 The government indicted Ms. Roy a third time on January 23, 1991, charging her with four violations of 18 U.S.C. § 1001, three violations of 18 U.S.C. §§ 2 and 1341, and two violations of 18 U.S.C. § 287. This indictment was based on the same conduct as its predecessors.
 
 
 8
 Ms. Roy moved to dismiss the third indictment on February 14, 1991. She argued, among other things, that the court had erred in its previous decision to dismiss without prejudice. The matter was assigned to Judge Carl B. Rubin, who denied the motion.
 
 
 9
 Ms. Roy was subsequently convicted on six of the nine counts in the indictment. The jury found her guilty on three counts of making false statements in violation of 18 U.S.C. § 1001, one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, and two counts of making false claims in violation of 18 U.S.C. § 287. The crimes were committed between approximately June 3 and July 1, 1989. During that time, Ms. Roy cashed disability checks for the periods of May 7 to June 3, 1989, and June 4 to July 1, 1989. The checks totalled $3,350. There was strong evidence that Ms. Roy was not disabled at the time in question and that she had taken elaborate measures to hide this fact.
 
 
 10
 A probation officer's presentence report recommended that for purposes of the Sentencing Guidelines the relevant conduct be deemed to involve $29,223, the total sum of the compensation checks Ms. Roy received from the government between February 19, 1988, and June 3, 1989. The report concluded that Ms. Roy's base offense level was 12, which was reduced to 10 by reason of her acceptance of responsibility. These calculations produced a guideline sentencing range of six to twelve months.
 
 
 11
 Ms. Roy argued that the relevant conduct involved only the $3,350 on which her conviction was based. Had this argument been accepted, it would have reduced the guideline range to zero to six months. The court rejected the argument, but imposed a sentence--imprisonment for six months--that would have been within the range as calculated by Ms. Roy.
 
 
 12
 Ms. Roy now appeals the district court's refusal to dismiss the second indictment with prejudice. Her sentence was also appealed, but she told us at oral argument that this branch of the appeal is substantially moot.
 
 II
 
 13
 In choosing between a dismissal with prejudice and a dismissal without prejudice, a sentencing court is required to consider, among other things, each of three statutory factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a).
 
 
 14
 In United States v. Taylor, 487 U.S. 326, 336 (1988), the Supreme Court held that not only must a district court "carefully consider" the statutory factors "as applied to the particular case," the court must
 
 
 15
 "clearly articulate their effect in order to permit meaningful appellate review.
 
 
 16
 Only then can an appellate court ascertain whether a district court has ignored or slighted a factor that Congress has deemed pertinent to the choice of remedy, thereby failing to act within the limits prescribed by Congress." Id. at 336-37.
 
 
 17
 Judge Spiegel was well aware that he was required to consider the three factors listed in the act; in a written order dismissing the case without prejudice, he cited 18 U.S.C. § 3162(a)(2) and stated explicitly that "the Court must consider 'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and the administration of justice.' " The court's order went on to give the following specific reasons for the decision to dismiss without prejudice:
 
 
 18
 "In the present case, the circumstances leading to the dismissal indicate that the violation of the Speedy Trial Act was due to inadvertence and the government's view that the second indictment rewound the clock for purposes of the speedy trial requirements rather than from any intentional misconduct by the government. The defendant's counsel did not object to the scheduled trial date of January 7, 1991 at the pretrial conference, nor did he inform the Court or the Assistant United States Attorney of the serious speedy trial problem in the case until he filed his motion on the morning of the trial. Furthermore, the defendant was advised at the time the original indictment was dismissed that she would be reindicted, and the defendant has not indicated how she was prejudiced by the delay."
 
 
 19
 The order did not fully meet the mandate of Taylor, in our opinion. We agree with the view expressed by the Court of Appeals for the Fourth Circuit, however, when it said that even if a district court does not clearly articulate its reasoning as to each of the three statutory factors, "where the record amply supports the district court's decision, we do not believe Taylor requires automatic reversal." United States v. Jones, 887 F.2d 492, 495 (4th Cir.1989), cert. denied, 493 U.S. 1081 (1990). As long as the record is sufficient to enable the appellate court to make a determination, the court is free to apply the abuse of discretion standard recognized in Taylor. Id.; see Taylor, 487 U.S. at 332. Accord United States v. Green, No. 90-5249, 1991 U.S.App.LEXIS 18777 (6th Cir. Oct. 23, 1990) (unpublished per curiam).
 
 
 20
 In the case at bar, the district court found as a factual matter that there was no intentional misconduct by the government; the failure to bring the case to trial in a timely fashion resulted from the prosecutor's honestly mistaken belief that the dismissal of the first indictment "rewound the clock for purposes of the speedy trial requirement." There was no showing of prejudice to the defendant, and we are satisfied, based on the district court's findings and our own examination of the record, that the impact of a reprosecution on the administration of the act and on the administration of justice was not such as to require that Ms. Roy's conviction be set aside. The prosecutor's inadvertent mistake is not likely to be repeated, the delay did not cause any apparent prejudice, and the proper administration of justice requires us to give appropriate weight to the fact that Ms. Roy was, in effect, stealing the taxpayers' money.
 
 
 21
 The seriousness of the offense is a factor that we are in as good a position to assess as the district court was. The crime of defrauding the government is a serious one. No one was killed or injured here, but taking money from the public purse by deliberate trickery is not something we wish to condone. Putting this factor into the calculus along with the other statutory factors, we cannot say that the district court abused its discretion in making the dismissal without prejudice.
 
 
 22
 AFFIRMED.