985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William Arthur TWYMAN, Defendant-Appellant.
 No. 92-5284.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 30, 1992
Decided: February 10, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Robert R. Merhige, Jr., Senior District Judge. (CR-91-31)
 Argued: Thomas Roy Michael, Michael & Kupec, Clarksburg, West Virginia, for Appellant.
 Sherry L. Muncy, Assistant United States Attorney, Elkins, West Virginia, for Appellee.
 On Brief: William A. Kolibash, United States Attorney, Elkins, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Arthur Twyman appeals from his conviction for bank robbery and aiding and abetting. Because we find his arguments to be unavailing, we affirm his conviction.
 
 I.
 
 2
 On October 13, 1989, four men robbed the Farmer's and Merchant's Bank in Inwood, West Virginia. The robbers were carrying firearms, and stole approximately $8,400. The four men involved in the robbery, Robert Carter, Jerry Jose Davis, Paul Thomas, and Paul Twyman, all testified against Twyman at his subsequent trial. The thrust of their testimony was that Twyman was the" wheel man" for the group-that is, Twyman drove the getaway car.
 
 
 3
 On April 10, 1990, a grand jury indicted Twyman on charges of bank robbery, 18 U.S.C. §§ 2113(a) & (d), and aiding and abetting the robbery of October 13, 1989, 18 U.S.C. § 2. A trial was held August 7, 1990, which resulted in a hung jury. The district court declared a mistrial on August 8, 1990. On February 7, 1991, Twyman moved to dismiss the April 10 indictment for violating the Speedy Trial Act (STA), specifically 18 U.S.C. § 3161(e). By Order dated February 26, 1991, the district court dismissed the indictment without prejudice. Twyman appealed the district court's decision, but this Court dismissed the appeal on the ground that it was not an appealable final order. United States v. Twyman, No. 91-5022 (4th Cir. Sept. 25, 1991).
 
 
 4
 On February 27, 1991, a grand jury indicted Twyman on the same charges. Twyman again filed a STA motion, which the district court orally denied on the first day of the trial. Following a jury trial on November 4 and 5, 1991, Twyman was convicted of one count. The district court sentenced Twyman to seventy-eight (78) months imprisonment, the minimum sentence under the applicable Sentencing Guidelines. Twyman raises several issues on appeal concerning his conviction and sentencing.
 
 II.
 
 5
 Twyman's first contention is that the district court abused its discretion in dismissing the April 10, 1990 indictment without prejudice, and also argues that the denial of his second STA motion was an abuse of discretion. We conclude, however, that the district court did not abuse its discretion on either point.
 
 
 6
 The STA requires that a district court consider a number of factors before deciding whether to dismiss an indictment with or without prejudice. 18 U.S.C. § 3162(a)(2). These include the following: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the STA] and on the administration of justice." Id.
 
 
 7
 The decision to dismiss with or without prejudice is within the discretion of the district court. United States v. Taylor, 487 U.S. 326, 335-37 (1988). The district court's discretion, however, is not unlimited; it is constrained by the requirement that it consider the factors set forth in the statute and "clearly articulate their effect in order to permit meaningful appellate review." Id. at 336-37.
 
 
 8
 In the case at hand, the district court failed to set forth a factual basis for its conclusion that Twyman's first indictment should be dismissed without prejudice. In its Order dated February 26, 1991, the district court merely listed the factors set forth in 18 U.S.C. § 3162(a)(2) and concluded that "after weighing the factors outlined in [18 U.S.C. § 3162(a)(1) ] ... it appears that the [indictment] should be and it is hereby DISMISSED WITHOUT PREJUDICE."[1] In United States v. Jones, 887 F.2d 492, 494 (4th Cir. 1989), cert. denied, 493 U.S. 1081 (1990), the Fourth Circuit upheld a dismissal without prejudice in a situation where the district court only addressed the "facts and circumstances" factor, noting that "where the record amply supports the district court's decision, we do not believe Taylor requires automatic reversal." The Court stated in conclusion that
 
 
 9
 [u]nder the circumstances, where the delay was not intentional, was not overly long, and there is no evidence of prejudice to the appellant, we find that the district court did not abuse its discretion in dismissing the indictment without prejudice. Even though the district court failed to give a written analysis of the statutory factors as it should have done, that failure was harmless in view of the fact that the record amply supports the decision.
 
 
 10
 Id. at 495-96. This reasoning seems to control in this case. The district court in this case was in the position of having presided over Twyman's first trial. The district court was certainly in an adequate position to consider the required statutory factors, and in light of the circumstances, the district court did not abuse its discretion.
 
 
 11
 With respect to the district court's denial of Twyman's motion to dismiss his second indictment for violation of the STA, we also find that the district court did not abuse its discretion. The district court considered the STA factors in a fashion similar to the manner approved of in Jones. In Jones, the district court "stated that it 'did mentally consider' all the factors outlined in 18 U.S.C. § 3162(a)(2) during the process of dismissing the [first] indictment" and "found that appellant was not prejudiced by the omission of a written analysis of the two factors that were not committed to the writing." Jones, 887 F.2d at 494. We found this procedure acceptable in Jones in light of the fact that the record supported the district court's decision. Id. at 494-96. This reasoning appears to logically extend to the case at hand. The district court noted in denying the second motion that it had given consideration to each of the statutory factors. Again, the district court, having presided over Twyman's first trial, was in an adequate position to evaluate his STA claim. Accordingly, we find that the district court did not abuse its discretion in denying Twyman's second motion to dismiss.
 
 III.
 
 12
 Twyman's second contention is that the district court erred in overruling his objection to the reading of a prior consistent statement by a witness. He specifically objects to the testimony of Edward Neal Powell, a citizen witness. The district court's application of the Federal Rules of Evidence to the facts in a particular case is reviewed under an abuse of discretion standard. United States v. Fernandez, 913 F.2d 148, 154-55 (4th Cir. 1990).
 
 
 13
 During Powell's testimony, the U.S. Attorney elicited testimony on redirect from Powell concerning his observation of Twyman's car at a 7-11 store near the bank on the day of the robbery. Powell had made a statement to the FBI concerning what he saw, and the statement reflected the substance of his testimony. On cross-examination, Twyman had inquired into the substance of the statement made to the FBI, and in fact had Powell read portions of the statement in an attempt to impeach his testimony. In light of the defense's opening the door to testimony concerning the contents of Powell's statement, it was appropriate for the U.S. Attorney to have Powell read that statement on redirect. It also appears that admission was proper under Fed. R. Evid. 801(d)(1)(B). The test for admission under Fed. R. Evid. 801(d)(1)(B) is that: "(1) the out of court declarant must testify at trial; (2) the declarant must be subject to cross-examination concerning the out-of-court declaration; (3) the out-of-court declaration must be consistent with the declarant's trial testimony; and (4) the evidence must be offered to rebut a charge of recent fabrication." United States v. West, 670 F.2d 675, 686 (7th Cir.), cert. denied, 457 U.S. 1124 (1982); Fed. R. Evid. 801(d)(1)(B). All of these elements were satisfied here. In any event, in light of Twyman's questions concerning the statement, we find that the district court's admission of this evidence was not an abuse of discretion.
 
 IV.
 
 14
 Twyman's third contention is that the district court erred in determining Twyman's criminal history under the Sentencing Guidelines. Twyman argues that the district court erred because it decided that Twyman's two auto theft convictions were not part of a common scheme or plan, and therefore were unrelated offenses for purposes of sentencing under the Sentencing Guidelines. This argument fails as well.
 
 
 15
 Twyman was convicted of Grand Larceny Auto on June 24, 1987, in Virginia. On November 1, 1988, Twyman pled guilty to Theft by Unlawful Taking in Pennsylvania. The crimes in question occurred at the beginning and the end of January, 1987, respectively. Under U.S.S.G. § 4A1.2(a)(2), prior sentences imposed in related cases are to be treated as one sentence for purposes of criminal history calculations. As defined in the Commentary, related cases include those that "were part of a single common scheme or plan." U.S.S.G. § 4A1.2, Commentary Note 3. The issue of whether two cases are related for purposes of the guidelines is a mixed question of law and fact subject to de novo review. United States v. Davis, 922 F.2d 1385, 1388 (9th Cir. 1991).
 
 
 16
 In this case it does not appear that the district court erred in concluding that Twyman's auto theft convictions were unrelated offenses. The Ninth Circuit held in Davis, 922 F.2d at 1389, "that a common modus operandi is not enough to demonstrate a single common scheme or plan." Indeed, if auto thefts in different states were to be grouped together as a common scheme or plan, then any defendant could argue that all their crimes were part of a common scheme merely because they committed the same crime, thereby yielding a lighter sentence under the guidelines. That result would clearly contradict the purpose of U.S.S.G. § 4A1.2 of sentencing defendants separately for unrelated offenses. Therefore, we affirm the district court's determination that Twyman's auto theft convictions were unrelated offenses.
 
 V.
 
 17
 Twyman's final contention is that the district court abused its discretion in enhancing his sentence two levels for obstruction of justice. Specifically, the district court found that Twyman had suborned perjury, as testimony by his accomplices revealed, and therefore adjusted Twyman's sentence upwards two levels. This presents an application of the guidelines to the facts, and as such, is reviewed under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).
 
 
 18
 In the case at hand the district court was not clearly erroneous in making the two level enhancement. The testimony of Twyman's accomplices clearly showed that Twyman attempted to suborn perjury. As such, the district court was within its discretion in enhancing Twyman's sentence under U.S.S.G. § 3C1.1. Therefore, we affirm the
 
 
 19
 district court's enhancement.[2]
 
 VI.
 
 20
 In light of the aforementioned principles, we affirm Twyman's conviction.[3]
 
 AFFIRMED
 
 
 [1]
 The district court cited 18 U.S.C. § 3162(a)(1) in its Order, but we agree with both parties that the correct cite is § 3162(a)(2)
 
 
 [2]
 Twyman attempts to apply the logic of United States v. Dunnigan, 944 F.2d 178 (4th Cir. 1991), petition for cert. granted, 112 S. Ct. 2272 (1992), to the case at bar. Dunnigan, however, dealt with a situation where the defendant took the stand in his own defense and had his sentence enhanced for obstruction of justice because the district court believed that the defendant perjured himself on the witness stand. This case, however, presents no such Fifth Amendment concerns. Twyman's accomplices testified that he had requested that they lie on the stand in his defense. Although Twyman took the stand and testified himself, the district court's enhancement did not relate to his testimony, but rather to the testimony concerning subornation of perjury
 
 
 [3]
 Twyman also argues that the district court erred: (1) in denying his motion to dismiss because of lost exhibits; (2) in denying his objection to the jury array; and (3) in denying his objection to testimony of an accomplice as too remote. We have reviewed these contentions and find them to be without merit