5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Richard Andrew SIMPSON, Defendant-Appellee.
 No. 91-10499.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1993.*
Decided Sept. 8, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, DC No. CR-86-00089-EDP; Edward D. Price, District Judge, Presiding.
 E.D.Cal., 919 F.2d 147.
 AFFIRMED.
 Before: POOLE, BOOCHEVER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On November 19, 1990, this court reversed on certain grounds Simpson's convictions for violation of the Speedy Trial Act, 18 U.S.C. 1361 et al., and vacated and remanded certain other counts previously dismissed by the district court "because 'the district court failed to set out the relevant findings to clearly articulate its application of the (Speedy Trial Act) statutory factors to the facts of the case.' United States v. White, 864 F.2d 660, 667 (9th Cir.1988)."
 
 
 3
 On August 26, 1991, the district court again dismissed the remaining counts against Simpson for violation of the Speedy Trial Act and set forth its reasons in a twelve-page memorandum. Prior to entry of that memorandum decision, the court had stated, "But I'm dismissing it, because the government and I and the defense attorney all have to assume some responsibility for this man remaining in jail for 1196 days while nobody did anything."
 
 
 4
 We need not resolve questions concerning the applicability of the Speedy Trial Act after Simpson pled guilty and orally moved to withdraw that plea because we may affirm the district court on grounds other than those upon which the district court relied. Charley's Taxi Dispatch Corp. v. SIDA of Hawaii, Inc., 810 F.2d 869, 874 (9th Cir.1987). Fed.R.Crim.P. 48(b) provides in part that "if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."
 
 
 5
 While the trial court did not expressly refer to Rule 48(b), it is clear from its prior explanation that the court found there had been an inordinate delay in bringing Simpson to trial.
 
 
 6
 We AFFIRM the dismissal under Rule 48(b) because of the unnecessary delay in bringing Simpson to trial.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3