24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Duskin Claude BECKER, Defendant-Appellant.
 No. 92-30480.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided May 9, 1994.
 
 MEMORANDUM*
 Before: REINHARDT, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 Duskin Claude Becker appeals his conviction following a court trial and sentence under the Sentencing Guidelines for one count of conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine in violation of 21 U.S.C. Sec. 846 and two counts of manufacture of a controlled substance (methamphetamine) under 21 U.S.C. Sec. 841(a)(1).
 
 
 2
 Becker claims that the district court erred in dismissing without prejudice for noncompliance with the Speedy Trial Act his prior indictment on the same charges for which he was convicted in this case. He also argues that the district court erred in denying his motion for acquittal based on insufficient evidence and it impermissibly shifted the burden of proof concerning innocence and his alibi defense to him. Further, he insists that the district court erred in sentencing him, because it erroneously believed it lacked authority to downwardly depart based on a combination of aberrant behavior, exceptional military service, extraordinary family ties and extraordinary performance on pretrial and post-trial release.[1]
 
 
 3
 We affirm the district court's dismissal without prejudice of the prior indictment and denial of Becker's motion for acquittal. We also determine that the district court did not impermissibly shift the burden of proof. We do not reach the sentencing issue.
 
 A. SPEEDY TRIAL ACT
 
 4
 Under the Speedy Trial Act, 18 U.S.C. Sec. 3161(c)(1), absent the exclusion of time pursuant to 18 U.S.C. Sec. 3161(h), a criminal trial must commence within 70 days from the filing date of the information or indictment against a defendant, or from the date the defendant has appeared in the court where the charge is pending, whichever occurs last. Delay "resulting from any interlocutory appeal" constitutes excludable time under the Act. 18 U.S.C. Sec. 3161(h)(1)(E). If a defendant is not brought to trial within the time limits required under section 3161, the information or indictment must be dismissed upon motion by the defendant. 18 U.S.C. Sec. 3162(a)(2). In determining whether to dismiss an indictment with or without prejudice, the district court is required to "consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." Id. We review a district court's decision to dismiss for noncompliance with the Speedy Trial Act for an abuse of discretion. See United States v. White, 864 F.2d 660, 661 (9th Cir.1988).
 
 
 5
 We hold that the district court did not abuse its discretion by dismissing the indictment without prejudice. Becker does not challenge the district court's determination that the crime with which he was charged was serious. Moreover, it was within the court's discretion to find that, under the circumstances of this case, the clerical error and confusion on the part of both the court and counsel which caused the Speedy Trial Act violation had no detrimental impact on the administration of justice or the Act, since neither improper motive nor utter carelessness by the government occasioned it. Although as Becker points out, "the government shares the responsibility [with the district court] for speedy trial enforcement," this burden neither mandates dismissal with prejudice where the government has miscalculated the time limits nor diminishes the district court's "broad discretion" to decide whether dismissal should be with or without prejudice. United States v. Jordan, 915 F.2d 563, 566 (9th Cir.1990) (internal quotation omitted).
 
 B. MOTION FOR ACQUITTAL
 
 6
 We review a denial of a motion for acquittal by examining the evidence presented against the defendant in the light most favorable to the government to determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original)). Viewing the evidence in the light most favorable to the prosecution, we hold that sufficient evidence existed to support a finding by a rational trier of fact that Becker was guilty.
 
 
 7
 To the extent his argument is not only a "sufficiency of the evidence" argument but also one claiming a shift in the burden of persuasion, it also fails. The record indicates that, despite some infelicitous language, the district court did not impermissibly shift the burden of persuasion; rather, it found that the government had proved that Becker was on the premises during the methamphetamine "cooks" and participated in those "cooks." The testimony of Manewal and Girod placed Becker at the scene of the crime, whereas the testimony of Becker's relatives only indicated that Becker had been in Hawaii in 1988, although they could not say he was there at the time of the cooks. Given the direct evidence that he was at the crime scene and the lack of evidence to the contrary, the district court could properly find Becker guilty.
 
 C. SENTENCING
 
 8
 In light of our ruling in a separate opinion that the officers violated the knock and announce statute in executing the June 3, 1989 search of Becker's home, we do not reach the sentencing issue raised by Becker.
 
 
 9
 We rule against Becker's positions on the issues discussed in this disposition. We REVERSE his conviction, however, on the basis of a knock and announce violation, which we address in a separate opinion.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Becker has also raised a challenge to the district court's failure to suppress certain evidence. We have addressed that claim in an opinion filed this date