**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

BENJAMIN HARDEN; DOROTHY M.
HARDEN; PHYLLIS HARDEN; TRACIE
ARCHIE; GWEN ARCHIE, a/k/a Gwen

Archer; BRANDON BURTON, a/k/a
Bowlegs; LANCE COURTNEY;
FREDERICK ETHEREDGE; ANTONIO
MILLER; WILLIE SLIGH; CHRIS
SUMTER; KENYA THOMPSON; KEVIN
WRIGHT,
Defendants-Appellees.

No. 97-4791

Appeal from United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-97-545)

Argued: April 9, 1998

Decided: June 26, 1998

Before ERVIN, Circuit Judge, BUTZNER, Senior Circuit Judge,
and STAMP, Chief United States District Judge
for the Northern District of West Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jon Rene Josey, United States Attorney, Columbia, South Carolina, for Appellant. William Glenn Yarborough, III, Greenville, South Carolina, for Appellees. **ON BRIEF:** Scarlett A. Wilson, Assistant United States Attorney, Columbia, South Carolina, for Appellant. Mark R. Calhoun, Lexington, South Carolina; Gregory P. Harris, Columbia, South Carolina, for Appellee Dorothy Harden; Debra Y. Chapman, Columbia, South Carolina, for Appellee Phyllis Harden; Susan Z. Hitt, Columbia, South Carolina, for Appellee Tracie Archie; Louis H. Lang, Columbia, South Carolina, for Appellee Gwen Archie; I.S. Leevy Johnson, Columbia, South Carolina, for Appellee Burton; James P. Rogers, Columbia, South Carolina, for Appellee Courtney; Herbert W. Louthian, Jr., Columbia, South Carolina, for Appellee Etheredge; Creighton B. Coleman, Winnsboro, South Carolina, for Appellee Miller; Cameron B. Littlejohn, Jr., Columbia, South Carolina, for Appellee Sligh; Jonathan M. Harvey, Columbia, South Carolina, for Appellee Sumter; Ed Holler, Columbia, South Carolina, for Appellee Thompson; W. Rhett Eleazer, Columbia, South Carolina, for Appellee Wright.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The United States appeals an order of the district court dismissing with prejudice, because of a violation of the Speedy Trial Act, the indictment of appellees Benjamin Harden, Dorothy Harden, Phyllis Harden, Tracie Archie, Gwen Archie, Brandon Burton, Lance Courtney, Frederick Etheredge, Antonio Miller, Willie Sligh, Chris Antwan Sumter, Kenya Thompson, and Kevin Wright. Finding no error in the district court's opinion, we affirm.

2

I.

On July 1, 1997, federal arrest warrants were issued charging each of the appellees with various drug law violations. On July 7, 1997, United States Magistrate Judge Bristow Marchant conducted a detention hearing for all of the appellees and denied bond to nine of them. On July 16, 1997, the government filed an ex parte motion for a continuance and submitted a proposed order to the court. The government premised its motion on the involvement in another trial of the Assistant United States Attorney who was assigned to the case and contended that this preoccupation necessitated an extension beyond the thirty days prescribed by the Speedy Trial Act to obtain an indictment. The district court signed and entered the proposed order based on the ex parte motion of the United States, granting the government a continuance to August 19, 1997 to obtain an indictment and excluded the period of delay pursuant to the "ends of justice" provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A). On August 21, 1997, the grand jury returned an indictment against all of the appellees, charging them, among other things, with a conspiracy to distribute cocaine, crack cocaine and marijuana. The grand jury returned this indictment fifty-one days after the appellees were arrested, twenty-one days beyond the time permitted by the Speedy Trial Act and two days beyond the time permitted by the district court's order.

Prior to the indictment, on August 6, 1997, Gwen Archie filed a motion to dismiss, alleging a violation of the Speedy Trial Act. On August 19, 1997, Benjamin Harden filed a motion to dismiss with prejudice for violation of the Speedy Trial Act and on August 21, 1997, Dorothy Harden filed a similar motion. On September 22 and 23, 1997, United States District Court Judge Matthew J. Perry held a hearing on the motions to dismiss. At that hearing, all of the appellees joined in the motions, arguing that the charges against them should be dismissed with prejudice. At the conclusion of the hearing, the district judge announced his decision to dismiss the case with prejudice and informed the parties that the court would issue a written opinion on its ruling.

In his written opinion, the district judge found that the Speedy Trial Act had been violated for two reasons. The first reason was that the

3

grant of the continuance was grounded upon a reason which the Speedy Trial Act lists as one for which no continuance should be granted. Section 3161(h)(8)(C) prohibits the grant of a continuance based upon "lack of diligent preparation . . . on the part of the attorney for the Government." The district court found that the government's reason, the assigned Assistant United States Attorney's involvement in another trial, fell within this prohibition and that the availability of other Assistant United States Attorneys who could have obtained the indictment within thirty days underscored the impropriety of the government's motion. Additionally, the district court found that the government could not reasonably rely on the court's earlier continuance order based upon an ex parte motion because the government either knew or should have known that its reason for pursuing a continuance was invalid under the Speedy Trial Act.

Second, the district court found that the Speedy Trial Act had been violated because the court did not conduct the necessary balancing of factors required by § 3161(h)(8)(B) of the Speedy Trial Act when determining whether or not to grant a continuance. Having found violations of the Speedy Trial Act, the district court concluded that the indictment must be dismissed and further found that the dismissal should be with prejudice.

In granting the dismissal with prejudice, the district court conducted its analysis, as required, pursuant to § 3162(a)(1) of the Speedy Trial Act. Section 3162(a) lists three factors the court must weigh: (1) the seriousness of the offense, (2) the facts and circumstances leading to the dismissal, and (3) the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice. The district court found that although the offenses charged in the indictment were indeed serious, the other factors outweighed the seriousness of the offenses charged and warranted a dismissal with prejudice.

The district court set forth the arrest and detention without bail of most of the appellees, the violations of the Speedy Trial Act caused by the government's ex parte motion and the court's continuance order, and the resulting violation of the Speedy Trial Act's requirement that the government obtain an indictment or information within thirty days of arrest as the circumstances that warranted dismissal

4

with prejudice. Additionally, with respect to the impact of a reprosecution upon the mandates of the Speedy Trial Act, the district court noted that the Speedy Trial Act is meant to protect the Sixth Amendment rights of those charged with crimes and that its mechanical, strict time limits accomplish this purpose. The court also noted that the appellees faced criminal charges in state court based upon the same investigation and, if proven guilty, the appellees would face sentences for their crimes. Finally, the district court found that although the Speedy Trial Act does not require consideration of prejudice to a defendant, its legislative history suggests that it is an appropriate factor to examine. The district court found that the appellees' detention without bail coupled with the government's ability at an earlier date to present the matter to the grand jury but its failure to do so weighed against permitting reprosecution.

United States v. Taylor, 487 U.S. 326 (1988), and United States v. Jones, 887 F.2d 492 (4th Cir. 1989), on which the government relies, do not compel a different result. In Taylor, the government was prepared to try the defendant within the seventy day time limit, but the defendant failed to appear for trial. After the defendant was captured, the seventy day limit was exceeded by fourteen days. The district court dismissed the indictment with prejudice based on the government's "lackadaisical" behavior. The Supreme Court reversed, holding:

> The District Court relied heavily on its unexplained characterization of the Government conduct as "lackadaisical," while failing to consider other relevant facts and circumstances leading to dismissal. Seemingly ignored were the brevity of the delay and the consequential lack of prejudice to respondent, as well as respondent's own illicit contribution to the delay.

Taylor, 487 U.S. at 343. This case is quite different from the situation in Taylor. Here, the district court clearly evaluated all the relevant factors and concluded that a dismissal with prejudice was appropriate. In Taylor, the major factor surrounding the dismissal was the defendant's failure to appear for trial. There is no corresponding conduct by the defendants in this case. The principal fact leading to dismissal

5

was the government's groundless ex parte motion requesting an extension.

In Jones, the magistrate judge applied a statute no longer in effect. The magistrate judge committed the defendant pursuant to 18 U.S.C. § 4244 which authorized a competency examination for "such reasonable period as the court may determine." Jones, 887 F.2d at 493 n.1. Five days before Jones was arrested, the time for such an evaluation was limited to a maximum of thirty days. See 18 U.S.C. § 4247(b). Based on this new statute, the district court concluded that only thirty of the sixty-six days Jones spent committed were excluded under the act. When the other days were included, the seventy day limit was exceeded by twenty-six days. Jones, 887 F.2d at 493. We affirmed the district court's dismissal without prejudice.

In the case before us, however, the government filed an ex parte motion which was groundless. As we previously noted, the district court found that the government's reason for a continuance was excluded as a permissible basis for an extension of time under 18 U.S.C. § 3161(h)(8)(C).

Although both parties have agreed that the government did not act in bad faith and the district court found that there was no pattern of neglect, it appears that the United States Attorney's Office on this occasion was neglectful in not consulting the statute to see whether its motion for a continuance conformed. In Taylor, 487 U.S. at 338, the Court observed that "[w]e do not dispute that a truly neglectful attitude on the part of the Government reasonably could be factored against it in a court's consideration" of whether to dismiss with or without prejudice. Based on the factors prescribed by 18 U.S.C. § 3162(a)(1), we conclude that the district court did not abuse its discretion by dismissing the indictment with prejudice.

II.

We have carefully considered the briefs and oral argument of the parties and those portions of the record pertinent to the various arguments. Having done so, we find no reversible error in the well-reasoned opinion and decision of the district court. The district court's decision to dismiss the indictment with prejudice was in accordance

6

with the basic principles of the Speedy Trial Act and the Sixth Amendment of the United States Constitution.

AFFIRMED

7