**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-6977**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LENDRO MICHAEL THOMAS,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:03-cr-00189-JFM-1; 1:07-cv-02741-JFM)

Submitted: December 17, 2008      Decided: January 5, 2009

Before MICHAEL, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lendro Michael Thomas, Appellant Pro Se. John Francis Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lendro Michael Thomas appeals the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2008) motion. The district court granted Thomas a certificate of appealability on his contention that his trial attorney was ineffective for failing to move to dismiss the indictment pending against him because of a violation of the Speedy Trial Act and Thomas' Sixth Amendment right to a speedy trial. After a careful review of the record, we conclude Thomas did not receive ineffective assistance of counsel; accordingly, for the reasons discussed below, we affirm the district court's order.

In April 2005, Thomas was convicted, following a jury trial, of various drug and firearms offenses and was sentenced to 204 months' imprisonment. Thomas appealed, and in an unpublished opinion, this court affirmed his conviction and sentence. See United States v. Thomas, 189 F. App'x 219 (4th Cir. 2006) (No. 05-4496).

Thomas subsequently filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C.A. § 2255, raising multiple issues. Relevant to this appeal, however, is the single issue of whether Thomas' attorney was ineffective for

failing to object to the delay in trying Thomas.[1]  Construed liberally, Thomas' § 2255 motion raised this issue pursuant to both the Speedy Trial Act (the "Act"), codified at 18 U.S.C. §§ 3161-3174 (2006), and the Sixth Amendment.  Thomas maintained the Government exceeded by twenty-three days the seventy-day period allotted by the Act within which to try a defendant on felony charges.  Thomas claimed he was prejudiced by this delay because, prior to commencement of his trial, his co-defendant, Edwin Matthews, died, and was unavailable to provide what Thomas asserted would be exculpatory testimony.

Citing Barker v Wingo, 407 U.S. 514 (1972), the district court denied the claim, noting that, "[i]f for no other reason, Thomas' Speedy Trial Act claim fails because he has demonstrated no prejudice resulting from the delay in bringing him to trial."  The district court concluded Matthews died before Thomas could viably assert his speedy trial right, and that Thomas had not established that Matthews would have testified at all or provided exculpatory testimony.

Thomas filed a timely Fed. R. Civ. P. 59(e) motion for reconsideration arguing that, because counsel's failure to move

---

[1] This is the sole issue we address because it is the single issue on which the district court granted a certificate of appealability, and Thomas has not moved to expand the certificate of appealability to include any other issues.  4th Cir. R. 22(a)(2).

3

for a dismissal based on a violation of the Act was not subject to harmless error review, counsel's error was presumptively prejudicial under Strickland.[2] Thomas further alleged actual prejudice because, had counsel raised the issue, the indictment would have been dismissed as violative of the Act. The district court denied the motion in a margin order.

Thomas subsequently filed an application for a certificate of appealability in which he re-asserted and expanded the argument raised in his Rule 59(e) motion. Thomas argued the district court's conclusion that Thomas did not establish prejudice was debatable because, pursuant to the Supreme Court's decision in Zedner v. United States, 547 U.S. 489 (2006), a violation of the Act is not subject to harmless error review, and other precedential authority established that errors not subject to harmless error review are per se prejudicial under Strickland. Thomas also reiterated his claim of actual prejudice: being tried and convicted on an indictment that should have been dismissed.[3] In a margin order, the district court granted Thomas' request for a certificate of appealability.

---

[2] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

[3] Thomas asserted that, between his May 1, 2003 initial appearance and his June 14, 2004 trial date, more than seventy non-excludable days elapsed, in violation of the Act.

To succeed on his claim that his attorney was ineffective for failing to seek dismissal of the indictment based on the alleged speedy trial violation, Thomas must show the failure on counsel's part constituted deficient performance, and that Thomas suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under Strickland's first prong, a defendant must demonstrate that counsel's performance "fell below an objective standard of reasonableness" under prevailing professional norms. Id. at 688. To satisfy the second prong, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice. Id. at 697.

A criminal defendant's right under the Act is separate and distinct from his Sixth Amendment right to a speedy trial. See United States v. Woolfolk, 399 F.3d 590, 594-98 (4th Cir. 2005); United States v. Feurtado, 191 F.3d 420, 426 (4th Cir. 1999). Analysis of a Sixth Amendment speedy trial claim is governed by the Supreme Court's holding in Barker, which sets forth four factors to determining whether the right has been

5

violated:  (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant. Barker, 407 U.S. at 530.

Under the Act, a defendant facing felony charges must be brought to trial within seventy days of the later of his indictment or his initial appearance before a judicial officer. 18 U.S.C. § 3161(c)(1).  If there is a violation of the Act, upon counsel's motion, the indictment must be dismissed, although the trial court has the discretion to determine whether the dismissal is with or without prejudice.  18 U.S.C. § 3162(a)(2).  Neither type of dismissal is "the presumptive remedy for a Speedy Trial Act violation."  United States v. Taylor, 487 U.S. 326, 334 (1988).  Section 3162(a)(2) lists the specific factors that a court must consider when deciding whether to dismiss a case with or without prejudice due to a Speedy Trial violation:  "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  Although not dispositive, "the presence or absence of prejudice to the defendant" is also "relevant for a district court's consideration," and may be considered in conjunction with the third factor.  Taylor, 487 U.S. at 334, 341; see also United

6

States v. Howard, 218 F.3d 558, 561-62 (6th Cir. 2000); United States v. Pierce, 17 F.3d 146, 149 (6th Cir. 1994). While consideration of these factors guides a court's decision to dismiss an indictment with or without prejudice, see United States v. Robinson, 389 F.3d 582, 588-90 (6th Cir. 2004) (conducting "substantive review" of record in light of statutory factors and resulting prejudice to determine dismissal without prejudice was appropriate), these factors are not determinative in assessing whether there was a violation of the Act. 18 U.S.C. § 3162(a)(2); Zedner, 547 U.S. at 499.

We first conclude counsel's decision not to raise a Sixth Amendment challenge was appropriate, under Barker, and thus his performance was not objectively unreasonable. Little more than a year passed between Thomas' initial appearance and commencement of his trial and, according to Thomas, almost eleven months of that time was attributable to adjudication of Thomas' motion to suppress. The fairly short delay would not have triggered evaluation of Barker's other factors. United States v. MacDonald, 635 F.2d 1115, 1117 (4th Cir. 1980) (concluding a seven-month delay was "entirely too short to 'trigger' further inquiry under Barker"). Accordingly, Thomas fails to demonstrate he was prejudiced by counsel's failure to raise a Sixth Amendment challenge, because the result of the proceeding would not have been different if counsel had done so.

7

See Truesdale v. Moore, 142 F.3d 749, 756 (4th Cir. 1998) ("It is certainly reasonable for counsel not to raise unmeritorious claims. . . . [B]ecause these claims would have been dismissed had they been raised, [the defendant] cannot show a reasonable probability of any different outcome . . . .").

Nor was Thomas prejudiced by counsel's failure to move to dismiss the indictment based on the Act. The length of delay, the seriousness of the narcotics and firearm charges, and the lack of evidence of prosecutorial neglect or misconduct causing the delay would have, at most, resulted in a dismissal without prejudice. United States v. Gardner, 488 F.3d 700, 719 (6th Cir. 2007); Robinson, 389 F.3d at 588 (concluding thirty-one-day delay, "although not insubstantial, was not severe enough to warrant a dismissal with prejudice regardless of the other circumstances"); United States v. Jones, 887 F.2d 492, 495 (4th Cir. 1989). Moreover, Thomas was not prejudiced by the delay because Matthews was unavailable to testify as of his death in June 2003, far before the alleged violation occurred.[4] Thus, counsel's failure to raise the issue was not prejudicial.

---

[4] For the first time in his Rule 59(e) motion, Thomas asserted a new basis for prejudice: that he was tried and convicted on an indictment that should have been dismissed. However, this is plainly a deviation from Thomas' original basis for prejudice — Matthews' death prior to Thomas' trial — and thus was improperly raised in the district court for the first time in his motion for reconsideration. "Rule 59(e) motions may
(Continued)

Accordingly, while we grant Thomas' motion to strike his initial informal brief and to replace it with his supplemental informal brief, we affirm the district court's order denying Thomas' § 2255 motion. We further deny Thomas' motions for appointment of counsel and oral argument. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." <u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998).