**UNITED STATES of America, Plaintiff,**

v.

**James R. SARAVIA, Jr., Defendant.**

**Crim. No. 94–21–P–C.**

United States District Court,
D. Maine.

May 17, 1994.

Jonathan A. Toof, Asst. U.S. Atty., Portland, ME, for Government.

David J. Van Dyke, Berman & Simmons, P.A., Lewiston, ME, for defendant.

*MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT*

GENE CARTER, Chief Judge.

Defendant has moved for a dismissal of Count I in the superseding indictment, which alleges that Defendant and two co-defendants conspired to possess with the intent to distribute and to distribute cocaine in violation of sections 841(a)(1), 841(b)(1)(C) and 846. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. As grounds for dismissal, Defendant argues that the Government failed to obtain an indictment against him within thirty days following his arrest as required by the Speedy Trial Act. 18 U.S.C. § 3161(b). Defendant has also moved for a dismissal of Count II, which alleges that on December 10, 1993, in the District of Maine, he possessed

with the intent to distribute and aided and abetted the possession with intent to distribute cocaine in violation of sections 841(a)(1), 841(b)(1)(C), and 2. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); 18 U.S.C. § 2. Defendant asserts that his indictment and prosecution on Count II would violate the Double Jeopardy Clause of the United States Constitution. Finding no merit in Defendant's arguments, this Court will deny Defendant's Motion to Dismiss both Counts.

## PROCEDURAL BACKGROUND

Defendant was arrested with a confederate, Eric Wing, on December 10, 1993, and found in possession of 250–grams of cocaine. A complaint, charging Defendant with possession with intent to distribute cocaine, was filed on December 12, 1993. The Government indicted Defendant on two counts on January 20, 1994 and Defendant was arraigned on this indictment on January 25, 1994.[1] On Defendant's motion, this Court dismissed the indictment because the Government failed to adhere to the thirty-day deadline between arrest and the filing of an indictment pursuant to section 3161(b) of the Speedy Trial Act. 18 U.S.C. § 3161(b); Memorandum of Decision and Order Dismissing Without Prejudice the Indictment under the Speedy Trial Act (1994) 851 F.Supp. 490.

On April 6, 1994, the Government filed the superseding indictment at issue in this case, adding Defendant Saravia to a criminal action instituted against co-defendants Frank D. Farrington and Darrell S. Muldoon. Superseding Indictment (Docket No. 5). The two counts in the superseding indictment are worded identically and allege the same statutory violations as the counts filed against Defendant in the first indictment, *except that* Farrington and Muldoon are named as co-defendants in Count I, while Eric Wing, who pled guilty and is cooperating with the Government, is no longer named as a co-conspirator on that count.

## DISCUSSION

Defendant argues that Count I of the superseding indictment alleges a new and different conspiracy than was alleged in Count I of the January 20, 1993, indictment. He further argues that because different offenses and conduct are involved, the date on which Count I was instituted—April 6, 1994—relates back to the initial arrest and, therefore, Count I should be dismissed because the Government failed to indict him within thirty days of his arrest on December 10, 1993.

The Government argues that even if Defendant is correct in characterizing Count I as a different offense, this Court's dismissal of the first indictment effectively wiped clean the slate of charges pending against Defendant. In situations where no charges are pending, the only time limit imposed by the Speedy Trial Act is the seventy-day limit between filing of the indictment or arraignment on the indictment, whichever occurs last, and trial. 18 U.S.C. § 3161(c)(1).

## SPEEDY TRIAL ACT—COUNT I

Section 3161(b) of the Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons *in connection with* such charges (emphasis added)." 18 U.S.C. § 3161(b). The Government's initial indictment against Defendant was dismissed pursuant to section 3162(a)(1) (indicating that dismissal is the appropriate sanction for failure to indict within thirty days of arrest). Any subsequent attempt to indict a defendant, following a dismissal without prejudice, is governed by section 3161(d)(1) which provides that:

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint . . . is dismissed . . ., and thereafter a complaint . . . or an information or indictment is filed

---

1. Count I alleged that Defendant conspired with Eric Wing and others, both known and unknown to the Government, to possess with intent to distribute and to distribute a substance containing cocaine. Count II alleged that Defendant possessed cocaine with intent to distribute and aided and abetted possession of cocaine with intent to distribute.

charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) [regarding the time between arrest and filing of the indictment] and (c) [regarding time between indictment and trial] of this section shall be applicable. . . .

18 U.S.C. § 3161(d)(1). The Court of Appeals for the First Circuit has indicated that the policy and purpose of the Speedy Trial Act is "to expedite the processing of *pending* criminal proceedings." *United States v. Krynicki,* 689 F.2d 289, 294 (1st Cir.1982) (citing *United States v. Hillegas,* 578 F.2d 453, 456 (2d Cir.1978). The Court of Appeals has also held that the thirty-day clock is set in motion "only where, at the time of indictment, the charge upon which a defendant was arrested and upon which a complaint was issued is *still pending.*" *Krynicki,* 689 F.2d at 293 (holding that thirty-day limitation in Speedy Trial Act did not apply where count in complaint, charging defendant with possession of a stolen fire arm, was dismissed, and Government later indicted defendant on the stolen fire arm count fifty-seven days subsequent to his arrest).

Here, not only were no charges pending against Defendant, but Defendant alleges that Count I of the superseding indictment constitutes different conduct and a different offense than that for which he was initially arrested. Given the facts as alleged by Defendant, the Government's only obligation under the Speedy Trial Act, in the absence of a guilty plea or waiver of rights under the Act, is to commence trial of Defendant within seventy days from his arraignment on the superseding indictment. *See* 18 U.S.C. § 3161(c)(1). The same outcome is dictated under the statute if the Government's argument is adopted; *i.e.,* that the superseding indictment is based on the same charges or charges arising out of the same criminal conduct. Since those charges were not pending

at the time the superseding indictment was filed, the seventy-day limit is the only applicable provision under the Speedy Trial Act. As the Court of Appeals for the First Circuit held in *Krynicki:*

> Where the complaint [or indictment] has been dismissed, and no charge is pending at the time of [the subsequent] indictment, § 3161(d)(1) only directs the government to commence trial of the defendant . . . within the time period set out in § 3161(c).[2]

*Krynicki,* 689 F.2d at 293.

### DOUBLE JEOPARDY—COUNT II

Defendant argues next that Count II of the superseding indictment, which is identical to Count II of the initial indictment, should be dismissed on the grounds of double jeopardy. Defendant points out that he has appealed the "without prejudice" prong of this Court's ruling, dismissing Count II of the initial indictment. *See* Notice of Appeal (Criminal No. 94–9–P–C). He argues that if the Court of Appeals finds the "without prejudice" portion of the ruling to be an abuse of discretion, this Court's allowance of trial to go forward on Count II of the superseding indictment would place Defendant at risk of reprosecution, in violation of the Double Jeopardy Clause of the United States Constitution.

In the first place, it is this Court's view that its March 28, 1994 order, dismissing Count II without prejudice, is not a final decision subject to appeal under section 1291. 28 U.S.C. § 1291; *see also United States v. Tsosie,* 966 F.2d 1357 (10th Cir.1992), *cert. denied* —— U.S. ——, 113 S.Ct. 358, 121 L.Ed.2d 271 (1992) (holding that dismissal without prejudice under Speedy Trial Act is not final decision so as to be appealable); *United States v. Ford,* 961 F.2d 150 (9th Cir.1992) (holding that dismissal of indictment without prejudice under speedy trial provision of Interstate Agreement on Detain-

---

**2.** As the Court of Appeals indicated, this reading of the statute does not nullify section 3161(b) in cases where the initial complaint or indictment has been dismissed. The thirty-day limitation would still be applicable if the Government chose to file a new complaint and obtain an arrest warrant or summons, with section 3161(b) re-

quiring that any indictment be returned within thirty days of the date of the defendant's subsequent arrest or service of summons upon him. *Krynicki,* 689 F.2d at 293, n. 5. In this case, however, the Government opted to institute a new action by filing a superseding indictment rather than arresting the Defendant.

ers Act is not appealable as a final decision); *United States v. Holub,* 944 F.2d 441 (8th Cir.1991); *United States v. Kelley,* 849 F.2d 1395 (11th Cir.1988); *United States v. Reale,* 834 F.2d 281, 282 (2nd Cir.1987) (all holding that dismissal without prejudice under Speedy Trial Act is not an appealable order). Hence, the Court believes it likely that the Court of Appeals for the First Circuit will dismiss Defendant's pending appeal as premature.

▮ Secondly, the provisions of the Act and the case law make clear that the Government is free to reindict a defendant when the initial indictment has been dismissed without prejudice pursuant to the Act. *See* 18 U.S.C. § 3161(d)(1); *United States v. Taylor,* 487 U.S. 326, 342, 108 S.Ct. 2413, 2422, 101 L.Ed.2d 297 (1988); *United States v. Newman,* 6 F.3d 623, 626–27 (9th Cir.1993). Further, it is also well established that the double jeopardy clause does not bar a subsequent new trial where a defendant strategically chooses to seek dismissal of two counts of an indictment on the basis of a speedy trial act violation, because a dismissal in such circumstances is unrelated to guilt or innocence. *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). Because this Court's dismissal without prejudice of Count II is *not* likely to qualify as an appealable order and because the Act and case law clearly allow for the government to reindict a defendant in such circumstances, Defendant's double jeopardy argument is unavailing.

Accordingly, it is *ORDERED* that Defendant's Motion to Dismiss the Indictment be, and it is hereby, *DENIED.*

So *ORDERED.*